## E. M. THOMPSON AND C. A. SIMMONS *vs*. HAMLIN B. BOWES.

## Knox.    Opinion April 3, 1916.

*Easement or right of way over private property, as distinguished from easement or right of way over public property. Presumptions as to use of way. Private and public property defined. Trespass on the case.*

1. Property held for pious or charitable uses, not for the whole public, but for a limited portion of the public, as for example, church property, is private property, and as such, is subject to the application of the doctrine of prescriptive easements.

2. Where a claimant has shown an open, visible, continuous and unmolested use of land for twenty years or more, inconsistent with the owner's rights, and under circumstances from which may be inferred the knowledge and acquiescence of the owner, the rule ordinarily is that the use will be presumed to be under a claim of right, and adverse to the owner; and the burden is on the owner to rebut the presumption by showing that the use was permissive. But when a tract of land, attached to a public building, is designedly left open and unenclosed, for convenience or ornament, the rule is otherwise, and the passage of persons over it is presumed to be permissive under an implied license.

3. In this case, the admission that "the way in question has been so used by the owners of the block as would give them a right of way if the property over which it is claimed were private property" is an admission necessarily that the use has been adverse, and, hence, no presumption of permissive use can be applied.

4. A prescriptive easement of a right of way is not defeated by the fact that others than the claimant have used the way.

5. When it is stipulated in the report of a case involving a prescriptive easement of a right of way that "if the plaintiffs have a right of way, judgment is to be awarded for them," the question of the indefiniteness of the description of the way in the declaration is not open to consideration.

Action on the case by plaintiffs to recover damages from the defendant for obstructing an alleged right of way around the easterly end of the block, or building, owned by plaintiffs. The right of way claimed by plaintiff was over and across a certain part

of a lot belonging to the Free Church, so called, in the town of Union. It was admitted by counsel that the use of said strip, or parcel of land, by the plaintiff was such use and for such length of time as would give the plaintiff a prescriptive right of way, if the land over which the right of way was claimed had been "private property." The defendant contended that no right of way could be acquired across said church property.

Case reported to Law Court upon agreed statement. Judgment for plaintiffs.

Case stated in opinion.

*A. S. Littlefield,* for plaintiffs.

*E. C. Payson, and R. I. Thompson,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHILBROOK, JJ.

SAVAGE, C. J. This case comes before this court upon the following report: This is an action on the case by the owners of Moneka block in Union to recover against the defendant for obstructing an alleged right of way. The defendant has built a building over the right of way claimed. The way claimed is around the east end of Moneka block. The southerly line of said block faces Union Common. Said way claimed is across land which is a part of the Free Church lot, so called, which church is a duly organized and a regular parish under the laws of this State. The block, church, surroundng land and buildings are as shown on the plan. The said church was built in 1839, and that and the lot have, up to within less than twenty years, been used for the church purposes. Moneka block was built in 1857, and since that time the way in question has been so used by the owners of said block as would give them a right of way if the property over which it is claimed were private property, unless the fact that others used it would prevent the acquisition of that right, it being admitted that the use by the plaintiff was not exclusive, but that others having occasion used it. The defendant contends that no right of way could be acquired across said church property. If the plaintiffs have a right of way, judgment is to be awarded for them for an

amount sufficient to carry costs.   Otherwise judgment is to be entered for the defendant.

The defendant objects in the first place that plaintiffs in their writ have not set out any right of way by limits and bounds, and have left the location of the claimed right indefinite and uncertain. But that question is not before us.   The parties have stipulated in the report that "if the plaintiffs have a right of way" judgment is to be awarded for them.   The existence of a right of way is the only question submitted to the court; not its location.

It is admitted that the plaintiffs have used the way in such manner and for such length of time, as would have gained for them a prescriptive right of way, if the land over which the right is claimed had been private property.   By the phrase "private property" we understand is meant property belonging to a private individual; church property is private property as distinguished from the property of the State or of a municipality, which is public property.   Property held for pious or charitable uses, not for the whole public, but for a limited portion of the public, is private property, and as such, we have no doubt, is subject to the application of the doctrine of prescriptive easements.   *Kinsell* v. *Daggett,* 11 Maine, 309; *Kilburn* v. *Adams,* 7 Met., 33; *Burnham* v. *McQuestion,* 48 N. H., 446; *Society for the Propagation of the Gospel* v. *Hayden,* 38 Vt., 603; *Mowry* v. *City of Providence,* 10 R. I., 52. Accordingly we hold that a right of way could be acquired by prescription across the church property.

Was such a right of way acquired?   Certainly, the fact that others having occasion used it did not prevent the plaintiffs from acquiring the right for themselves.   That needs no argument.

The space between the plaintiff's building and the church edifice was about 16 feet wide.   The exhibits which are made a part of the report show that the land in front of and about the church edifice, including that at the side of it over which the right of way is claimed, was open and unenclosed.   And this being so, the defendant relies largely upon *Kilburn* v. *Adams,* 7 Met., 33, in which case Chief Justice Shaw speaking for the court said, that where a tract of land attached to a public building, such as a meeting house, and occupied with such house, is designedly left open

and unenclosed, for convenience or ornament, the rule is that "the passage of persons over it, in common with those for whose use it is appropriated is in general to be regarded as permissive, and under an implied license, and not adverse. Such a use is not inconsistent with the only use which the proprietors think fit to make of it; and therefore, until they think proper to enclose it, such use is not adverse, and will not preclude them from enclosing it, when other views of the interests of the proprietors render it proper to do so. And though an adjacent proprietor may make such use of the open land more frequently than another, yet the same rule will apply, unless there be some decisive act indicating a separate and exclusive use, under a claim of right. A regularly formed and wrought way across the ground, paved, macadamized, or gravelled and fitted for use as a way, from his own estate to the highway, indicating a use distinct from any use to be made of it by the proprietors, would, in our opinion, be evidence of such exclusive use and claim of right. So would be any plain, unequivocal act, indicating a peculiar and exclusive claim, open and ostensible, and distinguishable from that of others. But the fact that a particular track or line was a little more worn and marked by travel than the general surface of the lot, or, that the adjacent proprietor had occasionally levelled a spot gullied by the rain, could scarcely be regarded, independently of other proof, as indicative of a claim of right." We do not question the soundness of this doctrine.

But it will be noticed that the discussion in *Kilburn* v. *Adams* relates to the evidentiary force of long and uninterrupted user for a way of the unenclosed lands about an academy building which, of course, would be the same in case of a church edifice, as in the present case. It relates to a presumption of a permissive use under an implied license. It points out that evidence of decisive acts of an adverse character are necessary to overcome the presumption of possession. It marks, to a certain extent, a distinction between the use of such lands and those of a private proprietor. The general rule sustained in most jurisdictions is that where the claimant has shown an open, visible, continuous and unmolested use for twenty years or more, inconsistent with the owner's rights, and under circumstances from which may be inferred the knowl-

edge and acquiescense of the owner, the use will be presumed to be under a claim of right, and adverse to the owner, so as to place upon the owner, in order to avoid the acquisition of a prescriptive easement, the burden of rebutting this presumption by showing that the use was permissive. *Barnes* v. *Haynes,* 13 Gray 188; *Blake* v. *Everett,* 1 All., 248; 9 Ruling Case Law, 781. See *Rollins* v. *Blackden,* 112 Maine, 459. But as held in *Kilburn* v. *Adams,* where the use is of the open and unenclosed lands about a quasi public building, as a church or academy, the presumption is otherwise, and the distinctively adverse character of the use must be shown to rebut the presumption of permission.

Now the distinction between *Kilburn* v. *Adams* and the case at bar is this. In this case the presumption, arising from possession is not a factor. It is admitted that the use was of such a character as would give the plaintiffs a right of way as against an individual proprietor. Such a use was necessarily adverse. The admission excludes any inference of permission. No presumption of permissive use is admissible. We must hold therefore that the plaintiff's use of the way has been adverse for the requisite period of time to acquire a prescriptive easement. And since, as we hold, such an easement may be acquired in the land of a church society, it follows that the plaintiffs have a legal right of way, and are entitled to judgment.

*Judgment for plaintiffs for $21*