E. M. & H. F. WARE v. HOME SECURITIES COMPANY.[1]

January 20, 1922.

No. 22,598.

Easement in alley not acquired—injunction granted.

The evidence sustains the trial court's finding that the defendant did not acquire by adverse user an easement in an alley or driveway upon the adjoining premises of the plaintiff.

Action in the district court for Ramsey county to restrain defendant from using an alley and to recover $300. The answer alleged that this court in the case of Riley v. Pearson, 120 Minn. 210, decided that the easement was a perpetual one. The case was tried before Haupt, J., who made findings, granted the injunction and ordered defendant to pay $5 per month from September 4, 1918, to the date of the commencement of the suit, for the use of the alley. From an order denying its motion to amend the findings and for a new trial, defendant appealed. Affirmed.

*Douglas, Kennedy & Kennedy*, for appellant.
*Kerr & Richardson*, for respondent.

DIBELL, J.

Action to restrain the defendant from using an alley or driveway upon the premises of the plaintiff, and to recover for its use. There were findings for the plaintiff and the defendant appeals from the order denying its motion for a new trial.

[1]Reported in 186 N. W. 242.

The plaintiff owns a ground lease of a lot northerly and easterly of the intersection of Third street and Robert street in St. Paul, fronting 41.06 feet on Third street and about 145 feet on Robert street. Third street runs easterly and westerly and Robert street northerly and southerly. This property is the westerly portion of two lots formerly held under common ownership. As early as 1871 a stone building was erected upon the property. Upon the 41.06 frontage it extended to the full depth of the lot. On the portion of the property to the east it did not. There was an areaway at the rear of that portion of the two lots. At the northerly end of the plaintiff's property there has all the time been an arched alleyway going through the end of the building. It was made to serve the part of the property to the east. An easement in it was preserved by the terms of a probate decree which in 1881 set off to plaintiff's predecessors the west 41.06 feet, and the property to the east to another, and later it was granted by deed. The alley is 10 feet wide and about 15 feet high. It is within the walls of the building. At the north is the plaintiff's wall and at the south is the plaintiff's wall and overhead is the base of the second floor of the building. It was paved by the owners of the lot and they have paid the taxes and assessments and upkeep.

The defendant owns a strip of land 25 feet wide facing on Robert street immediately northerly of the plaintiff's lot and extending easterly. It and its predecessors in title used the driveway from 1888 to 1917 without objection.

The evidence indicates that a number of property owners having property fronting on Third street or Robert street, and some others, used the alley to reach the rear of the buildings and the open space about. The owners of the property immediately to the east had by the probate decree and by a later deed an easement in the alley. The plaintiff and its predecessors of necessity kept it open for their use. Apparently people used it about as they wanted, and the owner made no objection. People saw others use the alley and used it for their own purposes. The trial court found that there was no adverse or hostile user, but that it was permissive. The evidence well sustains the finding. A different one would be troublesome.

Both parties have briefed the case thoroughly. Their arguments and the cases cited have been helpful in reaching a conclusion. There is no difficult question of law. At the last, whatever viewpoint is taken, the question is whether the trial court's finding that there was no adverse or hostile user is sustained, and, as we have indicated, no other finding would seem quite right.

The alley was under consideration in Riley v. Pearson, 120 Minn. 210, 139 N. W. 361, L. R. A. 1916D, 7. For additional facts relative thereto reference may be had to the very complete statement of Mr. Justice Bunn in that case. An extended discussion of the evidence at this time would be profitless.

We find nothing relative to the recovery for the use calling for discussion.

Order affirmed.