# JOHN SORKIL v. SIDNEY STROM.[1]

June 22, 1923.

No. 23,394.

**Easement in prescriptive road not surrendered by joining in deed of warranty.**

1. The evidence sustains the findings that a road by prescription had been established on the boundary line between the farms of the parties to this action by their joint use thereof during a period of almost 50 years, which became appurtenant to each farm and every part thereof. Hence, by conveying by deed of warranty part of the land over which the road is laid without reservation or exception, the grantor does not relinquish the easement where it appears that he remains the owner of the balance of the farm to which it is also appurtenant.

**Easement not affected by absence of reservation in deed.**

2. The mere absence of exceptions or reservations in the deed given by defendant to plaintiff's grantor should not be *held* to affect or relinquish the easement.

Action in the district court for Goodhue county to determine adverse claims to certain real estate. The case was tried before Johnson, J., who made findings and ordered judgment that plaintiff was the owner in fee of the land described in the complaint, subject to a roadway 2½ rods wide, and that defendant was entitled to judgment that the roadway was a permanent easement appurtenant to the lands owned by him. From an order denying his motion to set aside the findings and conclusions or for a new trial, plaintiff appealed. Affirmed.

*Mohn & Mohn,* for appellant.

*A. J. Rockne,* for respondent.

[1]Reported in 194 N. W. 333.

HOLT, J.

Some years prior to 1873 Torkel Swenson became the owner of a farm in Goodhue county, described as follows: The E. ½ of the S. E. ¼ and the S. W. ¼ of the S. E. ¼ of section 27 and the N. W. ¼ of the N. E.¼ of section 34, all in township 110, range 16. The buildings were located near the southeast corner of the S. W. ¼ of the S. E. ¼ of section 27, and Torkel resided there until his death in 1908. Defendant has lived there since. One John Sorkil, prior to 1873, acquired and occupied the N. E. ¼ of the N. E. ¼ of said section 34, the buildings thereon being about 20 rods east from the westerly boundary and about 40 rods north from the south line. His son, plaintiff herein, succeeded to the ownership and occupation of this farm. On the south line of the two forties in section 34, the main public highway between Wanamingo and Zumbrota was established since before the predecessors of the parties hereto took up their respective residences on the two farms. There appears also to be a public highway along the north line of the northeasterly forty of Torkel's farm, which he and his successors used occasionally in hauling grain from the thresher to the elevator when operated on or near that forty. However, during all their occupancy of the respective farms, to reach market, church and school, Torkel and Sorkil traveled to the boundary line between the two mentioned forties in section 34 and thence south along such boundary line to the Wanamingo and Zumbrota highway. This road was likewise used by the public in going to and from said public highway to the respective homes of Torkel and Sorkil. It also appears that the two owners long ago marked out the road along what they assumed to be the boundary between the two forties, and each cultivated or made use of the land up to the roadway. There was some evidence that the road has been dragged and worked by the parties for some time. Where it joins the Wanamingo and Zumbrota road the public authorities have maintained a culvert. After the death of Torkel and in the division of his estate, the forty in section 34, except two acres thereof in the northeast corner, was conveyed by the other heirs, including defendant's wife, a daughter of Torkel, to Mrs. Dyreson, another daughter. Defendant joined as one of the

grantors. The deed contained full covenants of warranty. About the same time other heirs conveyed to defendant the balance of Torkel's farm. Defendant has ever since resided thereon with his family and used and worked the road between the two forties as did Torkel. Mrs. Dyreson and her husband, by deed of warranty, conveyed the forty mentioned, except the two acres in the northeast corner, to plaintiff in 1921. In the deed to her, as well as in the one from her to plaintiff, the description was by metes and bounds with no reference to or reservation of the road. Before plaintiff acquired this land defendant notified him in writing of his claim to the road.

This action was brought by plaintiff to determine the adverse claims of defendant to the 38 acres of the forty conveyed to him, or, in other words, to determine that no road existed at any point west of the east government boundary line. Defendant answered, alleging the existence of the road for more than 50 years; that it had been so used openly, notoriously and adversely for that period; that public moneys had been expended in improving and repairing the same for 6 years last past; that he claimed a right to continue the use of the road as a cartway appurtenant to his premises, but otherwise interest in the land was disclaimed. The trial resulted in favor of defendant, and plaintiff appeals from the order denying plaintiff's motion for amended findings or a new trial.

The position of plaintiff is, in substance: The road was not laid out pursuant to statute, nor is the evidence sufficiently definite to show a dedication by user under section 2563, G. S. 1913. And it is argued that Torkel could not establish by prescription that part of the road located on his own land, but, even if he could have, when defendant joined the heirs of Torkel conveying to plaintiff's grantor by metes and bounds up to the easterly government line of the forty, he parted with all right, title and interest in or to that part of the road lying west of such boundary line. Plaintiff seems to concede that defendant and his predecessor in interest have acquired a prescriptive right of way over that part of the road which is east of the boundary line or upon the forty which plaintiff acquired from his father and still owns.

The court found a road, 2½ rods wide, established by prescription on the boundary line of the two forties appurtenant to the lands served thereby. We think this finding must be sustained. Torkel and Sorkil, plaintiff's father, established their respective homes in the early days at some distance from the main public road which both must reach in order to market the products of their farms, to obtain supplies and to attend their church and school. So this road on the boundary line was opened and maintained to serve both as means of access to the public highway mentioned. The public generally having occasion to go to either home for business or pleasure also used the road. The entire roadway along this boundary was used, and not merely that part on Sorkil's land over which Torkel passed when he traveled to the main established highway, or vice versa. The use was a joint use not only by the two owners, but by the public as well. Being open and used all the time in its entire width, such use must be deemed continuously adverse to both owners. The situation repels the idea that the use was a mere permission or license by Torkel to let Sorkil travel over that part of the road west of the line, and a like permission by the latter to the former to travel over that part of the road east of the line. We think the learned trial court was justified from the evidence, showing such a long continued and extensive use, in finding a road established by prescription long before Torkel's death, which road was then an appurtenant to both farms. This was not only true as to the adjoining forties, but especially so as to that part of Torkel's farm where his home was and to which this road gave access. In 19 C. J. p. 948, § 164, it is said: "Accordingly a right of way which is appurtenant to an estate is appurtenant to every part of it, no matter into how many parts it may be subdivided, and it inures to the benefit of the owners of all subdivisions so situated that it can be used." Many authorities are cited to support the text quoted, among them Dawson v. St. Paul Fire & Marine Ins. Co. 15 Minn. 102 (136) which recognizes the rule stated. It is true enough that "when the owner of an estate enjoys an easement over another estate and acquires title to the latter the easement is thereby extinguished." 19 C. J. p. 945, § 156. This would have followed had plaintiff se-

cured the whole of Torkel's farm. But, as already pointed out, defendant owns the part thereof most dependent upon this road for ingress and egress.

Defendant's joining as a grantor in the deed to Mrs. Dyreson ought not to be held a relinquishment or conveyance of the road or easement. The practice in conveyancing in this state is to make no mention of roads along or over the land deeded. No covenant in a warranty deed of the ordinary form is broken by the existence on the land conveyed of a rural highway not excepted. Sandum v. Johnson, 122 Minn. 368, 142 N. W. 878, 48 L. R. A. (N. S.) 619, Ann. Cas. 1914D, 1007. By analogy the land described by metes and bounds in the deeds here in question passed the title, but did not destroy or affect the easement or right of way, especially not that appurtenant to the rest of the Torkel farm.

This being our conclusion we need not consider whether this road has existed for such a length of time and under such circumstances of obvious convenience and necessity for a common right of way that the rule of the presumption of a nonappearing grant, as announced in Barnes v. Haynes, 13 Gray (Mass.) 188, 74 Am. Dec. 629, ought to be adopted and invoked to establish it. Nor is there occasion to define or limit a way of necessity reserved by implication to defendant as one of the grantors in the deed to Mrs. Dyreson of the 38 acres by metes and bounds which gave the government line as the east boundary thereof. For, as already stated, the road found by prescription was as an appurtenance to the two acres in the forty excepted from the deed and to that part of defendant's farm in section 27 which he received. The decisions like Howley v. Chaffee, 88 Vt. 468, 93 Atl. 120, and Miller v. Hoeschler, 126 Wis. 263, 105 N. W. 790, 8 L. R. A. (N. S.) 327, cited by plaintiff, even if followed, have therefore no application.

The order is affirmed.