## ROBERT J. STAPF v. NELLIE WOBBROCK.[1]

### May 27, 1927.

### No. 25,930.

**When pleading should be liberally construed.**

1. A pleading first attacked on the trial should be liberally construed. So construed the complaint alleged a right of way by prescription.

**Evidence proved plaintiff acquired easement by prescription.**

2. The proof sustains the finding that plaintiff has acquired a right of way by prescription along the south boundary line of defendant's land.

**When right of way so acquired passes by deed without reference thereto.**

3. Where a grantor has so acquired a right of way, affording the only egress and ingress from a public road to the land conveyed, the same is an appurtenance to the land and passes by the deed without any reference thereto.

**Rulings on admission of testimony.**

4. There were no errors in the rulings excluding or admitting testimony.

Easements, 19 C. J. p. 865 n. 34, 40; p. 935 n. 64; p. 937 n. 84; p. 962 n. 82; p. 964 n. 34.
Pleading, 31 Cyc. p. 79 n. 4; p. 82 n. 12.
Witnesses, 40 Cyc. p. 2284 n. 84; p. 2285 n. 86.

---

See 9 R. C. L. 772; 4 R. C. L. Supp. 626; 5 R. C. L. Supp. 528; 6 R. C. L. Supp. 576.

[1]Reported in 214 N. W. 49.

Defendant appealed from a judgment of the district court for Steele county, Senn, J. Affirmed.

*Leach & Leach,* for appellant.

*Nelson & Nelson,* for respondent.

HOLT, J.

Appeal by defendant from a judgment enjoining the erection of a barrier across a right of way claimed by plaintiff over a ten-acre tract in which defendant has a life estate.

Plaintiff owns 54 acres of land east from that of defendant. Between plaintiff's and defendant's land is a ten-acre wood lot owned by one Egan. On the west side of defendant's ten acres is a public road. Plaintiff has no access to any public road from his land except across said Egan's and defendant's land. Prior to 1896 there had been traveling for many years by the occupants of plaintiff's land and also by Egan across the latter's and defendant's land, but as neither tract was cultivated the road went wherever it seemed most convenient for driving, and that led through near the middle of the tract. About the year 1896 the then owner of defendant's ten acres cleared it and put it under cultivation. When that was done the road went to the south line or fence marking the boundary of the ten acres belonging to defendant. Ever since then the road or driveway has remained there and has been used by the occupants of plaintiff's land, who at that time were one Williams and one Anderson. Plaintiff received a deed from Anderson in March, 1910, to about 49 acres of his farm, and from Williams in 1916 to five acres thereof. Plaintiff's only claim to the right of way is by prescription or adverse user by himself and predecessors in title for the statutory period of 15 years. The court found such user.

There was no demurrer to the complaint. Its sufficiency was first challenged at the trial by an objection to the introduction of any evidence. We think at that time the pleading was entitled to a liberal construction and so construing the complaint there was no reversible error in overruling the objection. Defendant was not misled; a right of way by user or prescription was alleged although not in the most approved form.

The chief question on the appeal is whether the evidence sustains the finding of a right of way by prescription. We consider the evidence sufficient to establish that plaintiff himself and without tacking the user of either Anderson or Williams to his own, had acquired a prescriptive right of way over defendant's premises when she undertook to prevent its use, resulting in the starting of this suit. The testimony of plaintiff was that he received his deed from Anderson in March, 1910, and immediately thereafter took possession; that he used the land for pasture and traveled back and forth over the driveway in question, tending to the stock nearly every week thenceforth during the pasture and crop season. The court had a right to find that this use began prior to July of 1910, for it is common knowledge that pasturage is at its best in June and the latter half of May. If such adverse user began prior to July, 1910, the 15 years had run before defendant disputed the easement acquired. Defendant invokes the rule stated in Illinois Cent. R. Co. v. Stewart, 265 Ill. 35, 106 N. E. 512: "The use of vacant, unenclosed and unoccupied land will be presumed to be by permission and not adverse." Stephens v. Hamblin, 195 Ky. 428, 242 S. W. 597; Schulenbarger v. Johnstone, 64 Wash. 202, 116 Pac. 843, 35 L. R. A. (N. S.) 941. However, it is to be noted that defendant's land was occupied and cultivated continuously since 1896, the road running along the fence at the south line thereof, and therefore the authorities cited and others relating to travel over vacant and unoccupied land are not applicable. In Thompson v. Bowes, 115 Me. 6, 97 Atl. 1, 1 A. L. R. 1365, it is said:

"The general rule sustained in most jurisdictions is that where the claimant has shown an open, visible, continuous and unmolested use for twenty years or more, inconsistent with the owner's rights, and under circumstances from which may be inferred the knowledge and acquiescence of the owner, the use will be presumed to be under a claim of right, and adverse to the owner, so as to place upon the owner, in order to avoid the acquisition of a prescriptive easement, the burden of rebutting this presumption by showing that the use was permissive."

And in Mitchell v. Bain, 142 Ind. 604, 42 N. E. 230:

"The law is, that if there has been the use of an easement for twenty years unexplained, it will be presumed to be under a claim of right and adverse and be sufficient to establish the title by prescription and authorize the presumption of a grant, unless contradicted or explained. Washburn, Easements (4th ed.) section 31, p. 156.

"If the use be unexplained, it will be presumed to be adverse. School District v. Lynch, 33 Conn. 330; Hammond v. Zehner, 23 Barb. 473, 21 N. Y. 118; Biddle v. Ash, 2 Ash. (Pa.) 211.

"Where one uses an easement whenever he sees proper, without asking permission and without objection, it is adverse, and an uninterrupted adverse enjoyment for twenty years is a title which cannot afterwards be disputed. Such enjoyment without explanation how it begun is presumed to have been in pursuance of a grant. The owner of the land has the burden of proving that the use of the easement was under some license, indulgence, or special contract, inconsistent with a claim of right by the other party." Numerous decisions are cited in support of the text.

The court had the right to reject the story of Wright and accept that of plaintiff and that would sustain the judgment without tacking the adverse user of either, of his two grantors.

But it is claimed that the findings do tack the user of Anderson to plaintiff's, and since plaintiff by his own witness Hollister showed Anderson's user to be permissive the presumption is that it continued to be permissive. We do not think the court was bound to interpret Hollister's testimony as so showing. Hollister was a town supervisor in 1895 or 1896 at the time Flynn owned the defendant's ten acres. Flynn wanted to put the land under cultivation and did not wish the road to run through the middle of his field. Hollister says that there was a conversation between himself, Anderson and Flynn about the road and that Hollister advised Anderson to have a cartroad laid out, and Flynn asked him not to do it, as he, Anderson, could pass through if he wanted, saying:

"Maybe some time you will sell the place and somebody else will have it and then we won't have no cartway to be getting rid of."

Asked on redirect what he understood by that, the witness answered that Flynn's idea was that if "Anderson would sell out to somebody on the north of him and then there wouldn't be any cartway to be bothered with." It is difficult to recall a casual conversation of 30 years ago and almost impossible to give the exact words used. It is not likely that either Flynn or Anderson had any notion of what might result from adverse user. And Hollister's understanding seems to be that Flynn thought that a right of way not legally established might be more readily abandoned when occasion for its use ceased than one legally laid out. The court could infer that if Anderson sold out to adjacent owners to the north of his land who had access to a public road there would be no need for going west over Flynn's place.

But even if Anderson had permissive use the court could well find a prescriptive easement from the testimony of Egan and Williams, and that the deed of the latter to plaintiff of the five acres conveyed the easement as an appurtenance. Webster v. City of Lowell, 142 Mass. 324, 8 N. E. 54. There is no evidence upon which to base the claim that there could be an easement in gross as far as concerns either Egan or Williams. Both of those witnesses testified to the use they have made of the passway ever since 1896, without objection from any one and without asking permission—so traveling over the road as a matter of right. Williams' use of the right of way where it now is was uninterrupted from 1896 to 1916, when he sold to plaintiff. He then had an easement by prescription which passed by his deed. Swedish Am. Nat. Bank v. Conn. Mut. Life Ins. Co. 83 Minn. 377, 86 N. W. 420. To be appurtenant so as to pass by the deed it was not necessary that it be connected directly with the land conveyed. Bruns v. Willems, 142 Minn. 473, 172 N. W. 772. Plaintiff denies absolutely that he ever paid for the use of the road or ever heard of its use being permissive, and asserts that he always traveled it as a matter of right with no one objecting except Flynn's tenant Wright, whose objection he successfully defied. He also testified that he called Flynn's attention to his tenant's conduct, and that Flynn did not approve thereof. We think the controlling finding of a right of way by prescription is amply sustained.

Both defendant and her children have such an interest in the subject matter of the lawsuit that they could not testify as to conversations between plaintiff and the deceased husband and father regarding the right of way. G. S. 1923, § 9817. Whether a tenant of plaintiff thought his use of the right of way permissive or adverse could have no legitimate bearing on the issues. Nor could the secret thoughts of defendant. Caldwell Mill. & Elev. Co. v. L. L. May Co. 141 Minn. 255, 169 N. W. 797, is not authority for the proposition that, because defendant by a question on cross-examination of plaintiff had elicited, without objection, some matter in respect to a conversation with defendant's deceased husband concerning the right of way, the bar had been opened so as to allow defendant and her children to testify to such conversation. Moreover no such proposition was raised at the trial.

We are of the opinion that the court ruled correctly as to the admission and exclusion of testimony.

The judgment is affirmed.