KITTIE H. MERRICK AND OTHERS v. F. A. SCHLEUDER AND OTHERS.[1]

January 17, 1930.

No. 27,523.

[1]Reported in 228 N. W. 755.

*Wright, Nelson & Plunkett,* for appellants.
*Sasse, French & Dunnette,* for respondents.

STONE, J.

Tried without a jury, this action (for an injunction to prevent interference with an easement claimed by plaintiffs over land be-longing to defendants) resulted in a decision for plaintiffs. Defendants appeal from the order denying their motion for a new trial.

The easement, which plaintiffs claim by prescription, is across a vacant piece of ground substantially 22 feet square in the rear of a store building owned by them in block 29 in the city of Austin. Plaintiffs' building is in about the middle of the block and faces west on Main street. It is 71¾ feet long and 22 wide. Defendants own the abutting property on the south and have the record title to the said open space back of plaintiffs' building. An alley, entering the block from the north, turns squarely to the east at the middle of the block. The vacant area touches the alley where it makes the turn in such fashion as to furnish to the rear of plaintiffs' building, if they have the easement they claim, adequate ingress and egress from and to the alley. This suit was precipitated when defendants erected a wall across the lot just back of plaintiffs' building which cut off their access to the alley. The decision below is that plaintiffs have acquired by prescription the easement they claim. The

one question presented on this appeal is whether the evidence sustains that conclusion.

Plaintiffs' building was erected in 1892. It occupied all but the rear 16″ inches of the ground owned by the builder. In the rear wall of the building are two good sized windows and a door on the ground floor. There is also an outside cellar entrance with masonry walls extending eastwardly from the rear wall of plaintiffs' building about seven feet onto the property of defendants. The evidence is that from the time the building was erected the rear entrances, one to the main floor and one to the basement, have been continuously used by occupants as a means of ingress and egress for themselves, their employes and customers, and for delivery of incoming goods, including their unpacking and temporary storage. There is testimony also that ashes and garbage have been removed over the same route. No serious question can be made of the open and continuous nature of the user for much more than the 15-year period necessary to the acquisition of an easement by prescriptive use. G. S. 1923 (2 Mason, 1927) § 9187.

The argument for defendants is put upon the premise that the use and enjoyment necessary to establish such a prescriptive right must be adverse, exclusive, continuous, uninterrupted, open, peaceable and under claim of right. 19 C. J. 879. They do not seem much to question the presence of evidence sufficient to establish all of these essentials except the adverse and exclusive nature of the user and that it was under claim of right.

In the absence of grant, the argument for defendants runs, the user should be considered as having originated in permission or license and so cannot be considered adverse. Without any excursion into the wildnerness of authority on the subject, it is sufficient to refer to the rule, well established in this state in accord with the weight of authority elsewhere, that "where the claimant has shown an open, visible, continuous and unmolested use" for the required period inconsistent with the owner's rights and under circumstances from which may be inferred his knowledge and acquiescence, the use will be presumed to be under claim of right and ad-

verse so as to place upon the owner the burden of rebutting this presumption by showing that the use was permissive. Swan v. Munch, 65 Minn. 500, 67 N. W. 1022, 35 L. R. A. 743, 60 A. S. R. 491; Stapf v. Wobbrock, 171 Minn. 358, 214 N. W. 49, and cases there cited. The presumption follows from the evidence for plaintiffs concerning the nature and extent of their user. If there is evidence rebutting it, it is not of the character necessary to justify us in disturbing the adverse finding.

There is evidence for defendants that in the earlier days of Austin, when the buildings on the east side of Main street had not been extended to the rear so as to occupy all the ground of the respective owners, there was a continuous open space through the block which was used in common by the owners and public without any thought of hostility to the record titles. But a special feature characterized the situation of plaintiffs' building in relation to the open space behind it. They did project their physical structure almost eight feet onto the ground of defendants. The outside cellar entrance, together with the rear door to the main floor, indicated a purpose to use the ground in the rear in a way in which it would not be used by the owners of adjoining property or the public. To the extent that plaintiffs' building was so projected onto defendants' property there was an appropriation of the ground, necessarily adverse, hostile and exclusive. And the purpose may well have been to use and acquire the right of way necessary to make that end of plaintiffs' building accessible for the usual purposes of ingress and egress, both of persons and goods. Without the easement, both cellar entrance and rear door to main floor would have been useless. That view of the situation is tenable, and it disposes of the argument for defendants based upon the former more or less common and public use of the continuous open space behind the row of buildings, of which plaintiffs' is one.

The same consideration makes inapplicable the rule, that where the owner of land opens a way across it for his own use the fact that he sees his neighbor or other parties use it, under circumstances that do not tend to injure it or interfere with his own use of it, will

not justify the inference that he is yielding anything of his ownership or that the other users are proceeding adversely or in hostility to his own right. Howard v. Wright, 38 Nev. 25, 143 P. 1184. The circumstances here justify conclusions going much farther than those which control such a case, for the evidence shows an appropriation of a part of defendants' property with (it may be concluded) an intention to take also the right of way now in question.

■ Much the same thought runs through the contention that plaintiffs' use was not exclusive. In earlier days there was much user of the area in question by owners of adjacent property going over it from north to south, particularly by occupants of defendants' building, just south of plaintiffs'. The fact would have more weight if the adverse claim were of a title in fee. It is of much less and no controlling importance against plaintiffs' easement, as to which there need not be an exclusive use in the sense "that the easement must be used by one person only." All that is required is "that the right shall not depend for its enjoyment upon a similar right in others; it must be exclusive as against the community at large." It is not fatal to the right by prescription that the use may have been "participated in by the owner of the servient tenement, or by the owners of adjoining land." 19 C. J. 892, citing Schmidt v. Brown, 226 Ill. 590, 80 N. E. 1071, 11 L.R.A.(N.S.) 457, 117 A. S. R. 261; Pavey v. Vance, 56 Ohio St. 162, 46 N. E. 898; McKenzie v. Elliott, 134 Ill. 156, 24 N. E. 965. "Certainly, the fact that others having occasion used it did not prevent the plaintiffs from acquiring the right for themselves. That needs no argument." Thompson v. Bowes, 115 Me. 6, 8, 97 A. 1, 2, 1 A. L. R. 1365. The user by others was not of the easement claimed by plaintiffs. The latter is that of regular ingress and egress to and from the rear of their store over a route running eastwardly across the disputed area, whereas the user by others was simply that of occasional travel north and south across the property. That use by others had nothing to do with the very definite right of way which the evidence shows has been so long and so openly appropriated to their own peculiar uses by plaintiffs and their predecessors in interest.

The special facts of this case justified the rejection below of the conclusion that the user was of a character "to show that it was a mere privilege enjoyed by leave of the proprietor of the servient tenement, express or implied." Perrin v. Garfield, 37 Vt. 304, 310. Equally untenable, on the evidence for plaintiffs, is the view that the space was "left open by the owner for his own convenience" so as to give rise to any presumption "that the use of such space by another, even for his own purpose, is permissive." 19 C. J. 898. For the same reasons, Ware v. Home Securities Co. 151 Minn. 204, 186 N. W. 242, is distinguishable from this case. There the easement claimed by the defendant was the use of an inclosed alley or passageway through the rear of the plaintiff's building. And the controlling finding of fact, approved here, was that the evidence showed no "adverse or hostile" but only a permissive use by the defendant. As already stated, the facts of this case support the contrary finding on that controlling point.

Order affirmed.

