## JOHN J. STOKKE v. OLE MIKKELSEN.[1]

December 18, 1931.

No. 28,615.

*Jay W. Smith* and *T. M. Thomson,* for appellant.

*Joseph J. Granbeck* and *Ralph M. McCareins,* for respondent.

HOLT, J.

The appeal is from the judgment dismissing plaintiff's action with costs in favor of defendant.

Plaintiff brought the action against defendant's testate, Louis J. Stokke, then living, alleging that plaintiff in 1904 purchased lot 7 in block 5 of Woodland Park Addition to Minneapolis, Minnesota; that the deceased furnished the purchase money and took the deed in his name as security; and asked that plaintiff be decreed the owner and said deed be adjudged a mortgage. The answer was a general denial, except that it was alleged that Louis J. Stokke purchased and paid for the lot, but that he permitted plaintiff to use it in consideration of paying the taxes thereon, which he did from 1904 until and including 1922. The court made findings, "that the allegations and claim of plaintiff as set forth in his complaint have not been sustained by a preponderance of the evidence," and as conclusion of law directed judgment for dismissal with costs. A motion for amended findings or a new trial was denied and judgment entered.

For some years prior to 1904 plaintiff owned and occupied the west end of lot 8, a corner lot, fronting east and bounded on the north by lot 7, the lot here involved. The rear of plaintiff's dwelling came within a foot and a half of lot 7, so that it was desirable to have some back yard. Plaintiff had learned that the owner of lot 7 desired to sell for what he thought was a low price. He informed his brother, Louis J. Stokke, of the bargain to be had. Together they went to the owner and Louis paid $407.96 in cash for the lot and obtained a deed wherein he was named the grantee. He duly recorded the deed. He testified in a deposition taken when

on his death bed, and before the trial, that he had an arrangement with plaintiff that the latter could use the lot if he paid the taxes. Plaintiff did use it for piling wood, for a woodshed, and for a garden, first cutting down for fire wood some trees growing thereon; and he paid the taxes for 20 years, amounting to nearly $400 in all. In the summer of 1924 Louis began excavating upon the lot for a duplex dwelling, which was completed in the fall at a cost of $6,000. Plaintiff raised no direct objection to the erection of the building, but soon thereafter brought this action. There was no personal service of the summons. Judgment was entered as upon a default. This judgment was thereafter vacated, and Louis was permitted to interpose the answer mentioned.

At the trial, in addition to offering testimony to prove the allegation of the complaint that Louis took the deed as security for a loan of $407.96, plaintiff attempted to show title in himself by adverse possession; but defendant met this by proof of permissive use. The fact of the payment of the purchase price by Louis and his receiving a deed to the lot in his name being undisputed, the relief plaintiff sought could not be had unless upon satisfactory proof that the purchase and deed were not what they purported to be, but, as between plaintiff and Louis, a purchase for plaintiff and the deed a mere mortgage to secure to Louis the repayment of the $407.96 he paid out in obtaining title to the lot. This was a pure fact issue for plaintiff to establish by a preponderance of the evidence, and the trial court found that he had not so done. That really disposes of the appeal. The attempt to prove title by adverse possession was a claim inconsistent with the allegations of the complaint and the relief predicated thereon. But even so, that issue so made at the trial was met by proof of permissive use in consideration of the payment of taxes. The only authority cited by plaintiff is Merrick v. Schleuder, 179 Minn. 228, 228 N. W. 755; but there there was a finding in favor of a prescriptive right to an easement, while here the finding is adverse to plaintiff as well as are the reasonable inferences. Louis was evidently better supplied with funds than his brother, the plaintiff. He held a mortgage on

plaintiff's home, and he was willing that plaintiff have the use of the lot Louis bought until Louis should desire to improve it, provided plaintiff paid the taxes. There were also persuasive inferences to be drawn from the taking of the default judgment and plaintiff's conduct in respect thereto when Louis made inquiry of plaintiff after receiving a letter from plaintiff's attorney. The findings of fact cannot be disturbed by us.

The motion for a new trial included newly discovered evidence. This was so fully met and refuted by counter affidavits that this court cannot interfere. The granting of a new trial on the ground of newly discovered evidence rests in the sound judicial discretion of the trial court, and its determination should not be reversed except for abuse of such discretion. There is no indication or inference of any abuse here.

The judgment is affirmed.

