ARTHUR SCHMIDT v. CHRIST KOECHER.[1]

No. 30,588.

January 17, 1936.

[1]Reported in 265 N. W. 347.

*A. M. Bullis,* for appellant.
*Harold L. Westin,* for respondent.

HOLT, JUSTICE.

Defendant appeals from the order denying a new trial after findings that plaintiff had acquired a prescriptive road across defendant's land and enjoining defendant from obstructing it.

Plaintiff since 1907 has owned the east half of the southeast quarter of section 33 in the town of North Branch, Isanti county. Since 1910 the land has been his homestead, the buildings being near the northwest corner thereof. Defendant became the owner of the southeast quarter of the northeast quarter of the same section about the year 1901. There have been no buildings thereon, but, with the exception of a few acres, the 40 has been under con-

tinuous cultivation all of the time since defendant acquired it. Later he purchased the 40 to the west. Defendant lives a mile and a quarter from these two 40's. For over 40 years there has been a trail or road across this southeast quarter of the northeast quarter now owned by defendant to the land now owned by plaintiff. It entered defendant's 40 a few rods east of the southwest corner thereof and ran northerly and then northwesterly, connecting with an east and west road. Plaintiff's nearest way to church, school, mail, and creamery is by this road across defendant's 40, and the evidence shows that he has traveled it without let or hindrance from the time he bought his land in 1907 until 1931, when defendant laid out a straight road about 270 feet east of the west line of said southeast quarter, hereinafter called road No. 2, the first mentioned road or trail being called road No. 1, and requested plaintiff to use it instead of road No. 1. Plaintiff acquiesced and used road No. 2. It also appears that soon after plaintiff purchased his land a road on the east section line was laid out, on his petition, leading north from his northeast corner for half a mile, intersecting with a road going east to North Branch, his market town. In 1934, defendant, by erecting fences, prevented plaintiff from using either road No. 2 or No. 1, and this lawsuit resulted.

The assignments of error challenge the sufficiency of the evidence to sustain this basic finding of fact:

"That for a period of twenty-four years immediately prior to the year 1931 this plaintiff was in the open, actual, hostile, notorious, exclusive, adverse and continuous possession of a certain right of way from his said premises over the above described land of defendant and the land of one Paul Schmidt to a public highway, for the purposes of travel and ingress to and egress from the above described land of the plaintiff, the course and line of which said right of way was designated and marked road No. 1 on the map and plat used at the trial of this action.

"That in the year 1931 the defendant informed plaintiff to desist from further use of road and line No. 1 and requested plaintiff to use in lieu thereof a line and road designated as No. 2 on the plat

used at the trial of this action. That plaintiff acquiesced in such request of defendant, and plaintiff and defendant ever since have been using line or road No. 2 for the usual purposes of travel."

The first paragraph is vigorously assailed as not adequately supported. The proof of acquisition of title to land by adverse possession is necessarily different from the acquisition by prescription of a right of way for the statutory period. The use of a road does not necessarily exclude the use thereof by the owner of the land or by the public. But it does require proof of use of the claimed road as of right and not by favor or permission of the owner of the land, and of an open, notorious, unmolested, and uninterrupted use for the requisite time to ripen into an easement by prescription. Of course there is no intention by such use to acquire title to the roadbed, but merely a way of travel, an easement of ingress and egress to his own land over the land of his neighbor. In considering the proof of a way by prescription it is to be noted that when the claimed road, during the origin and continuance of its use, passed over vacant and unoccupied land, the presumption is that it was permissive. But where, as here, the land over which it is claimed is continuously under cultivation, the presumption is that it was not permissive. This sufficiently appears from the following cases in this court and the authorities therein referred to: Swan v. Munch, 65 Minn. 500, 67 N. W. 1022, 35 L. R. A. 743, 60 A. S. R. 491 (flowage by prescription); Sorkil v. Strom, 156 Minn. 155, 194 N. W. 333; Stapf v. Wobbrock, 171 Minn. 358, 214 N. W. 49; Merrick v. Schleuder, 179 Minn. 228, 228 N. W. 755, 756. Defendant's 40 was not vacant land. It was continuously under cultivation, except about three acres thereof not touched by any road. Crops were planted and harvested up to the wagon ruts of the road. Thus, traveling through cultivated land was certainly hostile, exclusive, and adverse to the owner's use of the roadway for cropping purposes. In Merrick v. Schleuder, 179 Minn. 228, 230, 228 N. W. 755, Mr. Justice Stone sums up the law in this state in respect to the proof of a prescriptive easement thus:

"* * * it is sufficient to refer to the rule, well established in this state in accord with the weight of authority elsewhere, that

'where the claimant has shown an open, visible, continuous and unmolested use' for the required period inconsistent with the owner's rights and under circumstances from which may be inferred his knowledge and acquiescence, the use will be presumed to be under claim of right and adverse so as to place upon the owner the burden of rebutting this presumption by showing that the use was permissive."

We do not overlook defendant's evidence that he gave permission to use road No. 1 as well as No. 2; that in 1918 the north part of road No. 1 was plowed up and a crop of rye raised thereon; that plaintiff had twice recognized that the use was permissive and remunerated defendant therefor; and that he had road No. 1 for his own convenience. But plaintiff denied having either sought or obtained permission to use road No. 1, denied that there ever was any rye planted or raised in the roadway, or that he had ever given defendant anything for the right to use that road. He did admit that someone placed some stumps or obstructions in the road, but that these were removed, and asserted that the road was never closed, but that he had had the uninterrupted use thereof up until 1931, when defendant requested him to use No. 2, and he did so after that time. It was for the trial court to determine who was telling the truth. We are of the opinion that the first paragraph of the quoted finding is sustained by the evidence. The second paragraph thereof accords with the evidence of both parties.

Assignments of error are based on the fact that the complaint asserted a prescriptive right to road No. 2 and the proof and finding established a prescriptive right to No. 1, whereas the evidence shows an abandonment of No. 1 and permissive use of No. 2; hence the conclusion of law that plaintiff has appurtenant to his land a prescriptive easement over road No. 1 across defendant's land and enjoining defendant from obstructing plaintiff's use thereof is wrong. We do not think advantage can now be taken of the defect, if any, in the complaint. At the very beginning of the trial counsel for plaintiff stated his purpose to be to establish a prescriptive right to road No. 1 acquired in 1931 and then a substitution of road No. 2 therefor when defendant laid it out and requested plaintiff to use

the same instead of road No. 1. An easement, whether by grant or prescription, may be modified or relocated by agreement between the owners of the dominant and servient estates. Such agreement is within the statute of frauds; but if the oral agreement has been executed or so far carried out that one of the parties is estopped, the law may regard the new easement as substituted for the old. Davidson v. Kretz, 127 Minn. 313, 149 N. W. 652; Tusi v. Jacobsen, 134 Or. 505, 293 P. 587, 939 (annotated in 71 A. L. R. 1370). The second paragraph of the quoted finding shows that while for three years plaintiff had complied with defendant's request to use road No. 2 in place of road No. 1, there had been no definite agreement of substitution, and therefore the court was powerless to enjoin defendant from closing road No. 2. But the nonuse of road No. 1, to which plaintiff had prescriptive right, for three years, under the circumstances shown, does not amount to a legal abandonment thereof. It is clear that plaintiff did not intend to surrender his prescriptive right of way over defendant's land for a permission of uncertain duration to go by any other route. The facts herein are not at all similar to those which were held to show abandonment in Norton v. Duluth Transfer Ry. Co. 129 Minn. 126, 151 N. W. 907, Ann. Cas. 1916E, 760.

From the crude map used as an exhibit it is perfectly clear that it is to the interest of both parties that the road be fixed as prayed in the complaint, *viz.*, as road No. 2 in lieu of road No. 1 thereon. On the argument plaintiff's counsel expressed a willingness so to stipulate, and no reason appears why the parties cannot so do and enter judgment accordingly rather than as directed in the conclusions of law. However, in view of the theory on which plaintiff tried the case from the very start, we do not think defendant can justly complain because part of the relief asked for was not given. All knew that the main issue was a road by prescription over defendant's 40 and that such road up to 1931 was road No. 1.

A claim is made that the action cannot be maintained because plaintiff was not in possession of road No. 1 when the action was begun. This is not an action to determine adverse claim. It is

one to enjoin the obstruction of an easement claimed by prescription.

Complaint is made because the court did not find whether the plaintiff's use of road No. 1 was interrupted in 1918 and whether consideration for its use was not paid by plaintiff prior to the accrual of his prescriptive right to the road. The first paragraph of the quoted finding negatives both interruption and payment.

There is no error in the record that calls for a new trial. The affirmance of the order is without prejudice to a stipulation of the parties that the conclusions of law be so modified that defendant be enjoined from obstructing the use by plaintiff of road No. 2 as laid out by defendant over the southeast quarter of the northeast quarter of section 33 in the town of North Branch, Isanti county, said road being an easement appurtenant to plaintiff's land.

Order affirmed.

UPON APPLICATION FOR REARGUMENT.

On January 31, 1936, the following opinion was filed:

PER CURIAM.

Defendant overlooks the testimony of Richard Byers that road No. 1 was used 40 years ago and was the only way of ingress and egress to plaintiff's land, at that time owned by one Bulleen. The controlling feature in Omodt v. C. M. & St. P. Ry. Co. 106 Minn. 205, 118 N. W. 798, was the fact that the one who started to use the alleged prescriptive path over the defendant's land had just before conveyed it to defendant with covenants of warranty; and the court said that, having just conveyed the land with covenants of warranty, it was unreasonable that his use of the path was other than permissive. Plaintiff in the instant case had not conveyed the land over which road No. 1 passed. The other arguments in the petition for rehearing are very pertinent as far as the trial court goes; but we are limited to the question whether there is evidence to sustain the finding of road No. 1 by prescription.

A rehearing is denied.