## MINNIE HILDEBRANDT AND OTHERS v. OLE O. HAGEN.[1]

April 29, 1949.

No. 34,898.

[1]Reported in 38 N. W. (2d) 815.

*Schroeder & Schroeder,* for appellant.

*Lowell W. Benshoof* and *C. U. Landrum,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Action to enjoin defendant from maintaining a fence and for judgment directing its removal as an interference with plaintiffs' easement for roadway purposes over certain property upon which it had been erected by defendant.

The trial court determined that plaintiffs were the owners of an easement for travel over a part of the property involved, and directed defendant to remove the fence therefrom as an obstruction thereto and further enjoined him from thereafter interfering therewith.

Defendant thereupon moved for amended findings or for a new trial. His motion was denied and judgment duly entered. This is an appeal from such judgment.

On appeal two issues are presented: (1) Is an action for injunction the proper procedure; and (2) do the facts sustain the trial court's finding of an easement by prescription.

Since 1922 plaintiffs have been the owners of certain property situated in section 27, township 139 north of range 41 in Becker county described as follows: Commencing at the southeast corner of the SE¼ of NW¼ of said section, thence running west 10 rods, thence south 8 rods, thence east 10 rods, thence north 8 rods to the

place of beginning. Also beginning at the northeast corner of the SE¼ of NW¼ of said section, thence west 10 rods, thence south 80 rods, thence east 10 rods, thence north 80 rods to the place of beginning. They have at all times occupied the same as their homestead, having acquired title thereto by conveyance from their father who originally purchased it in 1913.

Defendant is the owner of a tract likewise situated in section 27, 2 rods east of plaintiffs' property, and described as follows: Commencing 2 rods east of the northwest corner of the SW¼ of NE¼ of said section, thence south a distance of 1,468.50 feet, thence east 8 feet, thence north 1,468.50 feet, thence west to the place of beginning.

Separating and adjoining the above-described tracts of land owned by plaintiffs and defendant is a strip of land 33 feet wide situated in section 27, described as follows: Commencing at the southwest corner of the SW¼ of NE¼ of said section, thence south 148.50 feet, thence east 2 rods, thence running directly north to the north line of the SW¼ of NE¼ of said section, thence west 2 rods, thence south to the point of beginning.

One John Rahm originally purchased the 33-foot strip in 1913. His property was north of the above-described property of plaintiffs and defendant. Rahm used the strip as a private driveway from his farm to an east-west road just south of plaintiffs' and defendant's property. Upon his death, this intervening tract was inherited by his wife. Subsequent to her death, it was sold by the representative of her estate to one Leitheiser, who in turn sold it to defendant in 1946.

It was never dedicated nor legally established as a public highway. The evidence clearly establishes, however, that plaintiffs and their predecessors have used it continuously as a roadway to and from their property since prior to 1913, and that defendant likewise has used it as a means of ingress and egress to his property since 1922.

At the time defendant acquired this piece in 1946, he was well aware of the use that had been made of it by plaintiffs since 1922.

Notwithstanding this, shortly after his purchase thereof, he erected a fence along its westerly boundary which completely barred plaintiffs' use thereof for roadway purposes as above described. This action followed.

The trial court determined that plaintiffs and their successors in title had an easement by prescription for travel across that portion of the SW¼ of NE¼ of section 27 described as follows: Commencing at the southeast corner of the SE¼ of NW¼ in said section, thence north, on the east line of said forty, 90 feet, more or less, to the north line of the present driveway into the Hildebrandt property, thence east 29 feet, thence south 200 feet, more or less, to the north line of the public road running east and west, thence west 29 feet to the east line of said NE¼ of SW¼, thence north on said east line 110 feet to the place of beginning.

On appeal, plaintiffs concede that the right of way as determined by the trial court is wider than that which the evidence established was used by them. A surveyor, who submitted testimony as to the exact limits of the roadway used, testified that the width thereof was in all not over 16 feet, 4 feet of which were actually upon plaintiffs' property. Accordingly, plaintiffs have consented that the judgment be modified by fixing the width limitations of the roadway to correspond with the testimony of the surveyor, but otherwise to remain the same as fixed by the trial court.

Specifically, defendant contends that the evidence does not sustain the trial court's finding of an easement by prescription. It is his position that the evidence clearly establishes that plaintiffs' use of this property "originated in amity and continued in recognition of the title of the owner"; and the fact that the owners of this property at times saw plaintiffs use it as a roadway did not justify a finding that they were proceeding adversely or in hostility to such owners' rights as required to establish an easement by prescription. He further argues that the failure of plaintiffs to notify defendant or his predecessors that they claimed an adverse interest nullified any such claim and indicated that their use of the property was with the implied permission of the owners.

■ Defendant asserts that the form of remedy pursued by plaintiffs in seeking an injunction is improper. We do not agree with him in this respect. The rule has frequently been expressed that injunction will lie to protect the owner of an easement in its enjoyment, and this principle applies whether the disturbance thereto is actual or threatened. See, Schmidt v. Koecher, 196 Minn. 178, 265 N. W. 347; Wiley v. Lamprecht, 400 Ill. 587, 81 N. E. (2d) 459; Robbins v. Archer, 147 Iowa 743, 126 N. W. 936; Ballinger v. Kinney, 87 Neb. 342, 127 N. W. 239. Furthermore, it is settled that if the right is clear in the light of the evidence before the court, a prescriptive right may be proved and an injunction be granted to protect the same in a single proceeding for injunctive relief. See, Blanchard v. Holland, 106 Colo. 147, 103 P. (2d) 18, 139 A. L. R. 159; Missionary Society, etc., v. Coutu, 134 Conn. 576, 59 A. (2d) 732; Smith v. Shiebeck, 180 Md. 412, 24 A. (2d) 795. This procedure was followed without comment in Schmidt v. Koecher, *supra*, and Alstad v. Boyer, 228 Minn. 307, 37 N. W. (2d) 372.

■ Well-established principles sustain the trial court's finding and judgment. They are expressed in Merrick v. Schleuder, 179 Minn. 228, 230, 228 N. W. 755, 756, as follows:

"* * * the rule, * * * in this state in accord with the weight of authority elsewhere, [is] that 'where the claimant has shown an open, visible, continuous and unmolested use' for the required period inconsistent with the owner's rights and under circumstances from which may be inferred his knowledge and acquiescence, the use will be presumed to be under claim of right and adverse so as to place upon the owner the burden of rebutting this presumption by showing that the use was permissive. Swan v. Munch, 65 Minn. 500, 67 N. W. 1022, 35 L. R. A. 743, 60 A. S. R. 491; Stapf v. Wobbrock, 171 Minn. 358, 214 N. W. 49, and cases there cited."

In Dozier v. Krmpotich, 227 Minn. 503, 507, 35 N. W. (2d) 696, 699, we stated:

"* * * It must be apparent, therefore, that 'acquiescence' and 'permission' as used in this connection are not synonymous. '*Ac-*

*quiescence,'* regardless of what it might mean otherwise, means, when used in this connection, passive conduct on the part of the owner of the servient estate consisting of failure on his part to assert his paramount rights against the invasion thereof by the adverse user. *'Permission'* means more than mere acquiescence; it denotes the grant of a permission in fact or a license. Naporra v. Weckwerth, 178 Minn. 203, 226 N. W. 569, 65 A. L. R. 124. See, Dartnell v. Bidwell, 115 Me. 227, 98 A. 743, 5 A. L. R. 1320; Davis v. Wilkinson,. 140 Va. 672, 125 S. E. 700." (Italics supplied.)

The authorities cited clearly establish that the burden rested upon defendant to overcome the presumption that plaintiffs' use of the roadway in question was *hostile and adverse* rather than permissive and licensed. No such evidence was submitted by defendant. Plaintiffs' testimony, amply corroborated, to the effect that they had used the roadway 33 years continuously as a right and without permission remained unchallenged. It amply sustained the trial court's finding that plaintiffs' use of the roadway was adverse and hostile to the owner's title to the property. See, Alstad v. Boyer, 228 Minn. 307, 37 N. W. (2d) 372.

■ Likewise, we have held that under circumstances such as are here present notice of adverse intent from the user to the owner of the tract involved is unnecessary. Here, the owners at all times were aware of the open and continuous use of the roadway by plaintiff and their predecessors for over 40 years. No additional notice was required. As stated in Swan v. Munch, 65 Minn. 500, 503, 67 N. W. 1022, 1024:

"* * * There was no trick or artifice on the part of the defendant, but an open and notorious taking possession of the premises by the defendant for her use and needs, and whereby the public were also benefited. These acts were notice to the owners that defendant was occupying the premises under a claim of right.

"When there has been a continuous use of an easement for 20 years, unexplained, it will be presumed to have been under a claim of right, and adverse, and will be sufficient to establish a right by

prescription, and authorize the presumption of a grant, unless contradicted or explained. Washburn, Easem. (4th Ed.) p. 156, § 31, and cases cited in note 5. Carmody v. Mulrooney, 87 Wis. 552, 58 N. W. 1109. Under the laws of this state the 20-years use has been changed to 15."

The rule is expressed in Naporra v. Weckwerth, 178 Minn. 203, 206, 226 N. W. 569, 571, 65 A. L. R. 124:

"* * * The claim of right must be exercised with the knowledge of the owner of the servient estate, i. e. actual knowledge or a user on the part of the claimant of such character that knowledge will be presumed."

■ It is conceded that the easement determined by the trial court exceeds in width the actual limits of the roadway used by plaintiffs. The trial court was led to its conclusion, no doubt, by the assertions, apparently undisputed by either party at the trial, that the road involved was of the customary two rods in width. Actually the westerly four feet thereof are upon plaintiffs' property. The remaining width of this roadway, as the testimony indicates and plaintiffs concede, does not extend in width beyond the westerly 12 feet of the westerly 29 feet of the 33-foot strip. In other words, the judgment should be modified to the extent of limiting the width of said easement for right of way to 16 feet, four feet of which are upon plaintiffs' land and the remainder upon the 33-foot strip, the north and south limits thereof remaining the same.

Reversed with directions that the trial court modify its judgment and decree in accordance herewith.

UPON APPEAL FROM CLERK'S TAXATION OF COSTS.

On June 3, 1949, the following opinion was filed:

PER CURIAM.

Respondents (plaintiffs) appeal from the clerk's taxation of costs in favor of appellant (defendant) in the sum of $427.04.

1. This court is authorized to allow costs and disbursements in

favor of the prevailing party on appeal. M. S. A. 607.01. Rule XV of this court likewise so provides. 222 Minn. xxxvii.

2. In the case at bar, the judgment was modified on appeal by reducing the width of an easement claimed by respondents and established by the lower court's judgment. In all other respects respondents prevailed. In the oral argument on appeal, respondents consented to a modification of the judgment lessening the width thereof in conformity with the evidence actually submitted on the issue.

3. It is well settled here that the modification of a judgment entitles the party obtaining the same on appeal to costs and disbursements. This is true even though the disbursements were made in providing a record and brief on the issues upon which the party obtaining the modification did not prevail. Sanborn v. Webster, 2 Minn. 277 (323); Allen v. Jones, 8 Minn. 172 (202); Henry v. Meighen, 46 Minn. 548, 49 N. W. 323, 646; Curry v. Sandusky Fish Co. 88 Minn. 485, 93 N. W. 896; C. & N. W. Ry. Co. v. Verschingel, 197 Minn. 580, 268 N. W. 2, 709; State ex rel. Bd. of Christian Service v. School Board, 206 Minn. 63, 287 N. W. 625. In the Verschingel case, this court affirmed the trial court's orders (197 Minn. 588, 268 N. W. 7) "except as to the counsel fees allowed." This modification, this court later concluded, made appellants the prevailing parties and permitted taxation of costs in their favor. It follows that there is little doubt that the modification directed here was sufficient to justify costs in appellant's favor had his appeal included this issue.

4. However, this issue was not presented to the trial court on appellant's motion for a new trial or for amended findings. The trial court's findings and order and its judgment were not attacked on this point, and no modification in this respect was sought. Ordinarily, the trial court should be given an opportunity to correct its error before an appeal to this court. Many courts have held that where a party may raise an issue in the trial court but fails to do so he loses his right to costs on appeal where a modification is granted on the issue not raised below. McPheeters v. Bateman,

11 Cal. App. (2d) 106, 53 P. (2d) 195; Globe Automatic Sprinkler Co. v. Bell, 183 La. 937, 165 So. 150; DeBusk v. Guffee (Tex. Civ. App.) 171 S. W. (2d) 194; Milroy v. Movic, 189 Wash. 17, 63 P. (2d) 496.

On the basis of the foregoing, it is held that appellant is not entitled to tax costs and disbursements herein.

UPON DEFENDANT'S PETITION FOR REHEARING ON DISALLOWANCE OF COSTS AND DISBURSEMENTS.

On August 12, 1949, the following opinion was filed:

PER CURIAM.

Defendant petitions for rehearing on the ground that the court's decision disallowing him the right to tax costs and disbursements was contrary to law. This decision, rendered upon plaintiffs' appeal from the clerk's taxation in favor of defendant, while recognizing that modification of a judgment generally entitles the party obtaining the same on appeal to tax costs and disbursements, held that, since the issue of the modification was not presented to the trial court on defendant's motion for a new trial or for amended findings, defendant lost his right to tax costs and disbursements, under well-settled principles.

Defendant now urges that the issue of the width of the easement, upon which the modification was granted, was presented to the trial court in his motion for amended findings or a new trial. The motion specifically set out the amended findings desired by defendant, and, since these requested findings were based on a claim of no easement, they necessarily did not raise the issue of the width of the easement.

The motion for new trial was based on three grounds, to wit: (1) That the court erred in denying defendant's motion for a dismissal of said action made at the close of plaintiffs' case in chief, to which ruling defendant duly excepted; (2) that the decision of the court was not justified by the evidence and was contrary to law; and (3) that the court erred in overruling defendant's objection to the testimony of plaintiffs' witnesses, to which rulings defendant

duly excepted. Defendant argues that the second ground stated in the motion for a new trial sufficiently raised the issue of the width of the easement so that he did not lose his right to costs and disbursements here when this court modified the judgment by reducing the width of the easement.

The record indicates that the judgment entered in the court below was based upon a stipulation signed by plaintiffs and defendant, through their counsel. This stipulation contained the erroneous width subsequently modified here. The trial court was given no opportunity to correct the error in description.

We do not agree that the assignment of error above referred to, to the effect that "the decision of the [trial] court * * * is not justified by the evidence and is contrary to law," was sufficient to direct the court's attention to the error stipulated to by defendant. Where a case is tried by the court and findings made, an erroneous finding must be challenged by specific assignment of error. Peterson v. James, 223 Minn. 33, 25 N. W. (2d) 300; Erickson v. Sinykin, 223 Minn. 232, 26 N. W. (2d) 172, 170 A. L. R. 697; 1 Dunnell, Dig. & Supp. § 361.

The petition for reargument is denied.