FRANKLIN BLANCHARD *et als.* *vs.* OLIVER MOULTON *et als.*

*Damages. Evidence. Practice. Title by prescription. User, adverse.*

In an action against one for wrongfully obstructing a way with a building, evidence that the site occupied was the most eligible for the purpose is not admissible even to mitigate damages where punitory damages are claimed.

An adverse user is such a use of the property as the owner himself would make, asking no permission, and disregarding all other claims to it, so far as they conflict with this use. Continued for twenty years such a use is equivalent to a grant.

ON EXCEPTIONS.

The plaintiffs sued the defendants for obstructing with a building a way leading from the highway to the formers' buildings. It was asserted that the way originated in necessity, the premises to which it was appurtenant being carved out of the estate of the plaintiffs' grantor ; and a claim to it by prescription was also set up. There was testimony that one of the defendants told the carpenter who erected the building—upon his inquiry why it was placed there, so near to the defendants' house—that "he wanted to put out the lights of that building [plaintiffs' house] and to drive those fellows out of there that were lugging off his wood," referring to the persons to whom the house was leased.

Upon this state of facts, the plaintiffs claimed to recover exemplary damages. The jury were instructed that they were authorized to award such damages, if the obstruction was maliciously or wantonly placed across the way. To rebut any presumption of malice, Henry Dow, called by the defence, was asked this question : "What would be your judgment, as to that being a suitable place for his [Moulton's] office ?" Upon plaintiffs' objection this inquiry was excluded. In the charge, the judge—after remarking that perhaps the plaintiffs' argument involved the theory of a way by prescription, "that is, that the way had been used by the plaintiffs and their grantors for a period of more than twenty years, adversely to the interests of the owners of the land"—said : "Adverse user is nothing more than such a user of the property as the owner himself would exercise. Where a party, in this manner, for the purposes of a way, having received no permission from the owner of the soil, does use the way as the owner would use it, disregarding his claims entirely, and uses it as though he owned the property himself, that is an adverse user ; and if he continue to use the property in that way for a period of twenty years or more, then he will have acquired a right equivalent to an actual grant of the right of way, and as good in law, to all intents and purposes, as though he had a warranty deed of it. If, without any permission on the part of the owner, the plaintiffs' grantors

did use these premises as a right of way in this manner, for this period, and for the purpose of a way, then, even if no right of way existed by necessity, they would have acquired one by pre-scription." To this instruction, the exclusion of Dow's answer, and the ruling as to vindictive damages, the defendants excepted, the plaintiffs having obtained a verdict for $177.

*E. F. Pillsbury*, for the defendants.

*A. Libbey* and *L. Clay*, for plaintiffs.

APPLETON, C. J. This is an action on the case against the de-fendants for obstructing a way over which the plaintiffs claim the right of passage. It comes before the court on exceptions to the ruling of the presiding justice and on a motion to set aside the verdict as against law and evidence.

The obstruction of which the plaintiffs complained consisted in erecting a building upon the land over which the way passed.

The defendant asked this question of a witness: "What would be your judgment as to that being a suitable place for defendants' office ?" The answer to this question was properly excluded. If the defendants had a right to make the erection, they were the judges of its suitableness, and whether suitable or not was no matter of concern to these plaintiffs. If they had no such right, its suitableness or convenience for their use, would give them no right to erect it to the inconvenience of the plaintiffs. In either alternative the question was irrelevant.

The plaintiffs claimed the way as one of necessity, as well as by prescription. No exceptions are taken to the rule given as to what would constitute a way of necessity.

The parties to the suit are adjacent proprietors and near neigh-bors. The presiding justice instructed the jury that to establish a way by prescription, it must have been used prior to the erec-tion of the building in controversy, by the plaintiffs and his grant-ors, as a way, for a period of more than twenty years adversely to the interests of the owners of the land; that adverse user is

nothing more than such an use of the property as the owner him-self would exercise; and that when a party, in this manner and for the purposes of a way, has received no permission from the owner of the soil, and uses the way as the owner would use it, disregarding his claims entirely, using it as though he owned the property himself, that is an adverse user, and if he continue to use the property in that way for twenty years or more, he will have acquired a right equivalent to an actual grant of the right of way. These instructions are in accord with the rules of law on this sub-ject. If further or more definite instructions were desired the defendants should have made specific requests therefor. It is not required of a judge that he should give the whole law on any given topic.

The exception to the instruction as to damages does not seem to be relied upon.

The facts were submitted to the jury. The question for their determination was clearly and accurately stated. There was much evidence on both sides. In such case it is no part of the duty of the court to interfere with the conclusions of the jury.

*Motion and exceptions overruled.*

DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.