ELLEN M. DARTNELL *vs.* GRACE S. BIDWELL.

Lincoln.   Opinion September 28, 1916.

*Action of trespass quare clausum.   Distinction in cases where easement is claimed by prescriptive right and where title is claimed by adverse use.   Effect of letter or written notice forbidding use of way claimed to party claiming easement by prescription.   Justification of acts of defendant.   How pleaded.   Meaning of words "acquiescence of owner."   Necessary elements of proof in claiming prescriptive easement. What should brief statement contain.*

1.  A prescriptive easement is created only by a continuous use for at least twenty years under a claim of right adverse to the owner, with his knowledge and acquiescence, or by a use so open, notorious, visible and uninterrupted that knowledge and acquiescence will be presumed.
2.  To create a prescriptive easement, acquiescence, in the sense of passive assent, is essential.   It raises the presumption of a grant.
3.  When an adverse use has continued for twenty years without interruption or denial on the part of the owner, and with his knowledge, his acquiescence is conclusively presumed, and a prescriptive easement is established.
4.  In a case where the defendant claimed a prescriptive right of way over the plaintiff's land, a letter from the plaintiff to the defendant expressly

denying the latter's right to use the land, protesting its present, and forbidding its future exercise, is held to be sufficient evidence of the plaintiff's non-acquiescence, and of an interruption of the defendant's inchoate easement.

5. The provision in Revised Statutes, ch. 107, sect. 12, that an easement may be interrupted by a notice in writing served and recorded, does not exclude other methods of such an interruption.

6. When a defendant would justify or excuse an act which is unlawful unless justified or excused, justification must be pleaded.

7. Justification may be pleaded by way of a brief statement under the general issue, but the brief statement must be precise and certain to common intent.

8. A defendant sued in trespass for acts done upon another's land sought to justify by showing that she had a prescriptive right of way over the land, and that the acts of illegal trespass were done in making repairs on the way. In a brief statement, she set up that she had a right of way, but did not set up that the acts complained of were done in the use or repair of the right of way.

*Held,* that evidence of repairs is inadmissible.

9. Photographs offered by the prevailing party, and excluded by the court, were sent to the jury room, without the fault of either party, and were examined by at least one or more of the jury.

*Held,* that they were obviously prejudicial, and so much so as to require a new trial.

10. The testimony of jurors concerning their deliberations and proceedings is inadmissible. It is not competent for a juror to testify what did, or did not, influence him.

Action of trespass quare clausum. Defendant pleaded general issue and brief statement claiming an easement by prescription. Verdict for defendant. Plaintiff filed exceptions to refusal of court to give certain requested instructions, and also motion for new trial. Exceptions and motion sustained.

Case stated in opinion.

*Barrett Potter, and Wheeler & Howe,* for plaintiff.

*George A. Cowan,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, PHILBROOK, JJ.

SAVAGE, C. J. Trespass quare clausum. In defense, it was contended that the defendant had a right of way over the plaintiff's premises, and that the acts complained of, or some of them, at least, were done in making necessary and reasonable repairs of

the way. A portion of the way was acquired by grant. The remainder was claimed by prescription. Whether she had such a prescriptive right was contested. The verdict was for the defendant. The plaintiff brings the case here on exceptions to refusals to give requested instructions, and on a motion for a new trial.

One of the issues in the case, and perhaps one decisive of the case, is whether the prescriptive easement claimed by the defendant was interrupted by the plaintiff while it was yet inchoate. The presiding Justice was requested to instruct the jury that "the defendant must not only prove the use of the way claimed by prescription, for twenty years, but that it was continued, uninterrupted and adverse, that is, under a claim of right, with the knowledge and acquiescence of the owner, and not as a matter of favor or courtesy on his part." This language seems to have been taken from the opinion in *Sargent* v. *Ballard,* 9 Pick., 251. The presiding Justice declined to give this instruction. In declining to do so, he said,—"It is true that the use must be for twenty years, that it must be continued, uninterrupted and adverse, under a claim of right, but it need not be under an acquiescence of the owner." The plaintiff excepted. While the easement was still inchoate as claimed by the plaintiff, the plaintiff wrote a letter to the defendant in which she said: "You are hereby notified that that portion of my land  .  .  . which you have recently ploughed and made into a road is across my private property.  .  .  . No person has or ever had any right to pass in or over this field, and you are liable to me in damages for trespass.  .  .  . I hereby notify you to at once go back to the original location and the original cart road width as given in deed Hussey to Myers in 1856.  .  .  . I hereby forbid you or anyone in your behalf to pass in or travel over any portion of my land whatsoever and especially that portion which you have unlawfully and without any right made into a road, and you are notified to hereafter travel only in the single cart road.  .  .  ." This letter related to the prescriptive way in question. The plaintiff at the trial contended that this letter was an interruption of the defendant's inchoate easement, and requested an instruction to that effect. A third request differently phrased was to the same effect. These requests were refused, and the

plaintiff excepted. All the exceptions so far may be considered together.

A prescriptive easement is created only by a continuous use for at least twenty years under a claim of right adverse to the owner, with his knowledge and acquiescence, or by a use so open, notorious, visible and uninterrupted that knowledge and acquiescence will be presumed. Each of the elements is essential and each is open to contradiction. The existence of all the elements for the requisite period creates a right conclusive against attack. *Rollins* v. *Blackden,* 112 Maine, 459, and cases cited. The present controversy concerns the element of acquiescence, and the question is whether the plaintiff's asquiescence was interrupted in law by the letter from which we have quoted. It is not claimed that the defendant's use was interrupted by it.

Acquiescence is used in its ordinary sense. It does not mean license or permission in the active sense. It means passive assent, or submission. It means quiescence. It is consent by silence. *Pierce's Admr.* v. *Pierce,* 66 Vt., 369; *Cass County Commissioners* v. *Plotner,* 149 Ind., 116; *Scott* v. *Jackson,* 89 Cal., 258. See Webster's Dictionary, Tit. Acquiescence. Proof of acquiescence by the owner is held essential by all authorities. It raises the presumption of a grant. *Rollins* v. *Blackden,* supra. Where the adverse use has continued for twenty years without interruption or denial on the part of the owner, and with his knowledge, his acquiescence is conclusively presumed. It was error then to rule that proof of acquiescence was unnecessary.

The distinction between the creation of an easement by adverse use and the gaining of a title to land by adverse possession is not always borne in mind. We said in *Rollins* v. *Blackden,* supra, that in the matter of acquiescence, "the creation of a prescriptive easement logically differs from the acquisition of a title to real estate by adverse possession. In the former the possession continues in the owner of the servient estate, and the prescriptive right arises out of adverse use. In the latter, the owner is ousted from possession, and the right or title arises out of adverse possession; and nothing short of making entry, or legal action, will break the continuity of possession. *Workman* v. *Curran,* 89 Pa. St., 226. If the case at bar had been one of claimed adverse possession, the

request would have been erroneous, and the ruling would have been right.

Anything which disproves acquiescence rebuts the presumption of a grant. *Smith* v. *Miller,* 11 Gray, 145. It interrupts the inchoate easement. So far there is no dispute. The question now is,—In what manner may acquiescence be disproved? And upon the question the authorities are divided. Upon one side is the leading case of *Powell* v. *Bagg,* 8 Gray, 441, in which it was said that if the owner of the land before the lapse of twenty years, by verbal act upon the premises in which the easement is claimed, resists its exercise, and denies its existence, his acquiescence is disproved, and the essential elements of a title by adverse use are shown not to exist." In *C. & N. W. Ry. Co.* v. *Hoag,* 90 Ill., 339, which was a case where the owner orally remonstrated against the use, the court approved the doctrine of *Powell* v. *Bagg,* and went further, and held that it was not material where the remonstrance was made, whether on or off the land. The doctrine that denials and remonstrances, on or off the land are sufficient to rebut acquiescence, and work an interruption is supported by *Workman* v. *Curran,* supra; *Nichols* v. *Ayler,* 7 Leigh, 546; *Field* v. *Brown,* 24 Gratt., 74; *Reid* v. *Garnet,* 101 Va., 47; *Stillman* v. *White Rock Mfg. Co.,* 23 Fed. Cas., 549; *Wooldridge* v. *Coughlin,* 46 W. Va., 345; *Crosier* v. *Brown,* 25 L. R. A., (N. S.) 174; *Andries* v. *Detroit G. H. & M. R. Co.,* 105 Mich., 557; *Bealey* v. *Shaw,* 6 East., 216; *Livett* v. *Wilson,* 3 Bing., 115; *Washburn on Easements,* p. 162.

On the other hand there are courts which hold that mere denials of the right, complaints, remonstrances or prohibitions of user unaccompanied by physical interference to some degree, will not permit the acquisition of a right by prescription. The leading case, perhaps, on this side, is *Lehigh Valley R. R. Co.* v. *McFarlan,* 43 N. J. Law, 605. See other cases referred to in *Rollins v. Blackden,* supra. In the New Jersey case, the court seemed to follow by analogy the doctrine of adverse possession, and did not mark the distinction, which we have pointed out, between creating an easement and acquiring title by adverse possession.

When we consider what acquiescence means, and that non-acquiescence defeats an easement, but alone does not defeat title by adverse possession, we are persuaded that the doctrine in the

former class of cases is founded upon the better reason. If acquiescence is consent by silence, to break the silence by denials and remonstrances ought to afford evidence of non-acquiescence, rebutting the presumption of a grant. In *Rollins* v. *Blackden,* supra, we held that the grant of an easement to A. effectually interrupted the inchoate easement to B. because it was an act of the strongest potency to rebut the presumption of acquiescence. In that aspect, there was no physical interruption nor disturbance. In the case at bar, we think that the letter of the plaintiff to the defendant expressly denying the latter's right, protesting its present, and forbidding its future exercise, ought, in reason, to be held sufficient evidence of the plaintiff's non-acquiescence, and of an interruption of the defendant's inchoate easement. And we do hold it to be such. In fact, the statute, R. S., ch. 107, sect. 12, provides expressly that an easement may be interrupted by a notice in writing served and recorded. That the notice should be served or delivered is necessary to bring knowledge of the interruption home to the claimant. Otherwise it is not notice to him. The provision for recording is to perpetuate the evidence of the interruption and give notice to third parties. But we think the statutory method is not exclusive. A notice in writing, served or delivered, but not recorded, is sufficient if proved. The plaintiff's requested instruction should have been given.

The plaintiff requested an instruction in these words: As to the matter of continuity of use, the defendant must prove such repeated acts of use, of such character and at such intervals, as afford a sufficient indication to the owner of land that the right of way was claimed. The presiding Justice said: "I give you so much of the instruction as states that the acts must be of 'such a character.'" He gave no more of it. As qualified, the instruction omitted the essential element of continuity of use. The plaintiff was entitled to have the instruction given. *Bodfish* v. *Bodfish,* 105 Mass., 317, from which case the language of the request was taken.

The defendant pleaded in justification by way of brief statement "that the way which is the subject of dispute has been used for forty three years by defendant and those under whom she claims and the defendant claims right by user to pass over the plaintiff's land." The plaintiff requested an instruction in sub-

stance, as it is called in the brief, "that the defendant was not entitled under her plea to introduce evidence of repairs." The request was refused.

When a defendant would justify or excuse an act which is unlawful unless justified or excused justification must be pleaded. *Hall* v. *Hall,* 112 Maine, 234. Justification may be pleaded by way of brief statement, and when that is done the nicety of special pleading is not required. *Clark* v. *Foxcroft,* 6 Maine, 296. But the brief statement must be precise and certain to a common intent. *Washburn* v. *Mosely,* 22 Maine, 160; *Corthell* v. *Holmes,* 87 Maine, 24. The brief statement in this case sets up that the defendant had a prescriptive right of way, but it does not set up that the acts complained of were done in the use or repair of the right of way. The fact that the defendant had a right of way, if proved, would not afford a complete justification. She might have had a right of way, and yet she might have exceeded her rights and become a trespasser. It was necessary for her to prove, and therefore to allege, that the acts complained of were done in the lawful use or repair of the way. Her justification would then be complete. The requested instruction should have been given.

The motion for a new trial is based upon the fact that three photographs which had been offered in evidence by the defendant and excluded by the court were sent to the jury room, and were seen and examined by one or more at least of the jury. So far as appears neither party was at fault. The photographs have been exhibited to us, and we think that they were calculated to influence the jury. It is not a question whether the jurors considered them, or were influenced by them. That we can never know. The testimony of jurors concerning their deliberations and proceedings is not admissible. It is not competent for a juror to testify what did or did not influence him. *Studley* v. *Hall,* 22 Maine, 198; *Hovey* v *Luce,* 31 Maine, 346; *Greeley* v. *Mansur,* 64 Maine, 211; *Trafton* v. *Pitts,* 73 Maine, 408; *Whitney* v. *Whitman,* 5 Mass., 404.

The photographs were prejudicial, and so much so as to require a new trial. *Benson* v. *Fish,* 6 Maine, 141; *Rich* v. *Hayes,* 97 Maine, 293; *Hix* v. *Drury,* 5 Pick., 296; *Alger* v. *Thompson,* 1 All., 453.

*Exceptions and motion sustained.*