RALPH W. BURNHAM

*vs.*

SAMUEL W. BURNHAM AND LESTER G. BURNHAM.

Lincoln.    Opinion November 5, 1931.

410

*Asa D. Tupper*,
*George A. Cowan*, for plaintiff.
*Weston M. Hilton*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

THAXTER, J.    This is an action of trespass *quare clausum*. The
defendants justify their entry on the plaintiff's land as agents of
Mary L. Burnham, who, owning property adjoining that of the
plaintiff, claims a right of way by prescription across his prem-
ises. The jury found for the defendants and the case is before us
on a general motion and on exceptions.

Mary L. Burnham, the wife of one defendant and the mother of
the other, owned a lot of land adjoining that of the plaintiff, who
was her husband's brother. The plaintiff's father had at one time
many years before owned both parcels, and had conveyed in 1888
that now owned by Mary to Elizabeth S. Lord, who in 1892 con-
veyed to Mary E. Runey, who in 1898 conveyed to her husband
Harold, who in 1908 conveyed to Martha E. Burns, the stepmother
of Mary L. Burnham. Mary Burnham has lived on the place since
1908, the property having been bought by her father as a home
for her, although the record title for a part of the period was in
the name of her stepmother. The plaintiff derives his title from his
father who died about three years ago. For twenty-one years prior
to his father's death the plaintiff and his wife had lived with him.
During all of that time the defendant, Samuel Burnham, acting for
his wife, had hauled wood from her lot across the plaintiff's land to

the highway. Until November, 1929, when trouble seems to have arisen between the brothers, no protest was ever made against his doing so by either his brother or by his father. There is some evidence in the case that the previous owner of the Mary Burnham lot, Mr. Runey, had also hauled wood in the same manner by permission of the plaintiff's father. The way which was used for this purpose was well defined, at times the defendant seems to have repaired it, and it is conceded that the use by him of it was open, notorious, and uninterrupted for a period of more than twenty years. The plaintiff contends, however, that such use was by permission of their father and was not adverse. The defendant, Samuel Burnham, claims, however, that he never received any permission from his father to cross his land, but that he exercised this right because the way had been used for many years. There is no evidence of any talk between them as to the character of the use, although the plaintiff does testify that Samuel Burnham said that his father had given him permission. The defendant, however, denies having ever made such statement.

## THE MOTION

The defendant claims a prescriptive title to the right of way. We have by him an open, uninterrupted use for a period of more than twenty years. Obviously the plaintiff and his father before him knew of it and acquiesced in it. The plaintiff contends, however, that the use was permissive. If such claim is substantiated it could not have been adverse, *Pierre* v. *Fernald*, 26 Me., 436; *Jewett* v. *Hussey*, 70 Me., 433; and one of the elements necessary to create an easement by prescription is lacking. There is no direct evidence in the case of any consent and the ordinary rule is that, where there has been an unmolested, open, and continuous use of a way for twenty years or more with the knowledge and acquiescence of the owner of the servient estate, the use will be presumed to have been adverse and under a claim of right and sufficient to create a title by prescription unless contradicted or explained. *Thompson & Simmons* v. *Bowes*, 115 Me., 6, pages 9-10; *Truc* v. *Field*, 269 Mass., 524; *Swan* v. *Munch*, 65 Minn., 500; *Merrick* v. *Schleuder*, 179 Minn., 228; *Garrett* v. *Jackson*, 20 Pa. St., 331; *Barber* v.

*Bailey*, 86 Vt., 219·; Washburn, Easements & Servitudes, 3 ed., p. 137 ; 9 R. C. L., 781.

To rebut such presumption the plaintiff calls attention to the fact that this is in effect a right claimed by a son against his father, and that such a use ordinarily would arise by reason of the consent of the parent given to the child. The relationship of the parties is evidence, which the jury has a right to consider in determining the character of the use, but it is not conclusive. The ultimate decision rests with the jury. *Bradley Fish Co.* v. *Dudley*, 37 Conn., 136. To all outward appearances the defendant regarded himself as entitled to pass over his father's property. He says that he exercised this right because his predecessors in title had done so before him, and not because of any consent from his parent. All that the father needed to have done to have prevented him from acquiring title to the easement was to have protested or to have made it clear that the use was with his consent. *Rollins* v. *Blackden*, 112 Me., 459 ; *Dartnell* v. *Bidwell*, 115 Me., 227. The failure to do 'so was evidence, which the jury had a right to consider, that the father acquiesced in an adverse use. *Noyes* v. *Levine*, 130 Me., 151.

The determination of the issue of fact in this case was properly left to the jury and we see no reason for disturbing their finding.

## EXCEPTIONS

The first exception is to the admission of certain evidence relating to the inaccessibility to the highway of the land of Mary L. Burnham. It is claimed that such evidence was prejudicial to the plaintiff and was irrelevant as bearing on the issue as to whether the defendant had acquired an easement by prescription. The testimony was admitted by the court as tending to show that there was a continuous use of the way in question. The presiding Justice in his charge also made it clear to the jury that the defendant had no right to cross the plaintiff's land by reason of necessity or because of the inaccessibility of the land of Mary Burnham. The evidence may well have had some relevancy to prove that the use by the defendant was continuous, and in view of the caution given by the judge to the jury as to its bearing we think that the exception to its admission should not be sustained.

The second exception relates to the exclusion of a question asked of Samuel Burnham on cross-examination. He had testified that he had used the way because others had used it before him and that he did not claim a right to do so until trouble arose between him and his brother. By such claim of right it is evident that he is referring merely to the assertion of it to his brother. He was then asked with reference to the reason for his use of the way, "For how long a period of time did you follow that out, on that same mental attitude." The court held that the question was inadmissible, and we can not see that the plaintiff has any valid ground of exception. In determining the nature of the use the important considerations were what he did and the circumstances influencing his acts. *Barber* v. *Bailey*, supra.

The third exception is to a portion of the charge and to a refusal to charge. The presiding Justice told the jury that there was no presumption that a permission given to the predecessors in title of Mary L. Burnham, to use the way continued so that Mrs. Burnham would be prevented from gaining the right to use it by prescription. The requested instruction was that the presumption would be that such permission continued. The charge as given was correct and the requested instruction was properly refused. A license is a personal privilege, it creates no interest in land and can be neither assigned nor transferred. It does not pass with a conveyance of the land. 9 R. C. L., 575. There would be no presumption that it continued to a subsequent grantee.

The fourth exception is to a refusal to charge that if a private way is claimed over a former highway, as is claimed by the defendant here, he must prove when he ceased to use it as a highway and when his use became adverse. This requested instruction was properly refused. There is no evidence in the case which would justify it.

*Motion overruled.*
*Exceptions overruled.*