**Bruce R. BLACKMER**

v.

**Wendall G. WILLIAMS and
Rita Williams.**

Supreme Judicial Court of Maine.

Argued Nov. 9, 1981.

Decided Dec. 8, 1981.

James E. Patterson (orally), Ellsworth, for plaintiff.

Silsby & Silsby, Anthony Beardsley (orally), Leigh A. Ingalls, Ellsworth, for defendant.

McKUSICK, C. J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

CARTER, Justice.

By his complaint for a declaratory judgment, the plaintiff, Bruce Blackmer, sought to establish in himself and in the general public a prescriptive easement over the property of the defendant Wendall Williams. The plaintiff also sought damages from the defendant on a claim for assault and battery. Williams counter-claimed alleging an assault by the plaintiff.

The Superior Court, Hancock County, found that the plaintiff had acquired a prescriptive easement but ruled against the existence of an easement by prescription in the public. The lower court found against both complainants on their claims for assault. The defendant appeals from the judgment establishing an easement in Blackmer. The plaintiff cross-appeals from the determination that the public-at-large had not acquired an easement by prescription and from the denial of relief on his complaint for assault and battery. We affirm the judgment of the Superior Court.

## I. *The Easement*[1]

The easement in question is over a partially paved roadway that runs across the land of the defendant located in Lucerne-in-Maine, a Village Corporation within the Town of Dedham. The way in question extends from U.S. Route 1–A to the intersection of Shadbush and Larkspur Roads. This roadway provides access to the residence of the defendant and is generally used by residents of the area to gain access to their property to the east and north of the way.

The parties do not dispute the location of the roadway over which Blackmer claims an easement. Rather, at issue in the proceedings below and now on appeal, is whether the plaintiff has acquired, by prescription, a right to use the roadway.

As stated in *Dartnell v. Bidwell*, 115 Me. 227, 230, 98 A. 743, 744 (1916), the requirements for creation of a prescriptive easement are as follows:

> A prescriptive easement is created only by a continuous use for at least twenty years under a claim of right adverse to the owner, with his knowledge and acquiescence, or by a use so open, notorious, visible and uninterrupted that knowledge and acquiescence will be presumed.

*See Pace v. Carter*, Me., 390 A.2d 505, 507 (1978); *Fitanides v. Holman*, Me., 310 A.2d 65, 68 (1973). On appeal, the defendant asserts that the trial court erred in two respects regarding the requirements noted in *Dartnell*. First, the defendant argues that the trial court erred as a matter of law because it misapplied the concept of tacking in finding that the plaintiff had satisfied the requirement of a twenty-year period of adverse use. Second, the defendant urges that the evidence was insufficient to support a finding that the use of the roadway was adverse and under a claim of right.

## A. *Tacking*

To establish an easement by prescription, a party must prove that the elements of prescriptive use have continued for a period of at least twenty years. 14 M.R.S.A. § 812. The general rule of law is that successive periods of use may be added or "tacked" together in order to satisfy the prescriptive period when privity exists between the users. 3 R. Powell & P. Rohan, *The Law of Real Property* ¶ 413 at 34–133 (1979); 25 Am.Jur.2d *Easements and Licenses* § 58 (1966). Maine law recognizes the use of tacking as a method to meet the twenty year requirement of prescriptive use. *See Benner v. Sherman*, Me., 371 A.2d 420, 421 (1977) (evidence sufficient to establish the use of the road by plaintiffs and their predecessors for a period in excess of twenty years); *Cole v. Bradbury*, 86 Me. 380, 383, 29 A. 1097, 1098 (1894) (adverse use of the water of an artificial aqueduct is deemed uninterrupted for the purpose of establishing the prescriptive period when it is continued from ancestor to heirs and from seller to buyer); *Blanchard v. Moulton*, 63 Me. 434, 436–37 (1873).

In the instant case, the plaintiff did not acquire his interest in the dominant estate until 1972 and thus, his own use since that time could not satisfy the requisite period of twenty years. The defendant contends that the plaintiff did not attempt at trial to tack the use of his predecessors in title to his own use. Because the trial court looked to use by other landowners of the way to establish the prescriptive period, when these owners were not shown by direct evidence to be in privity with the plaintiff, the defendant asserts that the lower court misapplied the concept of tacking and thereby committed an error of law requiring reversal.

To support his position, the defendant points to the lower court's statement in its findings of fact that allegedly indicates a

---

1. The Appendix to the briefs filed in this matter does not conform to page size requirements of M.R.Civ.P. 74C(g). We remind counsel that the failure to satisfy the form requirements for briefs and appendixes can result in the application of sanctions by this Court.

The Clerk of the Law Court may refuse to accept for filing any record appendix which does not comply with M.R.Civ.P. 74C(g).

reliance upon the use of property owners not in privity with the plaintiff to establish the prescriptive period. The defendant also notes the court's comment that Blackmer's use of the road as a child was insufficient by itself to establish a prescriptive easement.[2]

 Had the court made these statements while making specific findings on the issue of tacking, the defendant's argument might be meritorious. Here, the trial court did make some findings of fact although none were specifically directed toward the issue of tacking. The parties, however, did not request that the court make findings as they are entitled to under M.R.Civ.P. 52(a). When no findings of fact are made, it is assumed on appeal that the trial court found for the prevailing party on all factual issues necessarily involved in the decision and such assumed findings will not be set aside unless clearly erroneous. *Harmon v. Emerson*, Me., 425 A.2d 978, 981 (1981); *Bangor Spiritualist Church Inc. v. Littlefield*, Me., 330 A.2d 793, 794 (1975). The same standard controls when the parties fail to request findings on an issue not addressed by findings made by the lower court on its own motion. *See State v. Michael Z.*, Me., 427 A.2d 476, 478 (1981).

At trial, Blackmer testified that he purchased his property from his aunt and that his aunt also owned property next to his. He further stated that his aunt acquired

her property from his grandmother in 1965 and that his grandmother purchased the land in 1925. Blackmer's mother testified that her husband's parents began living in the area in 1925 and that their property was right next to that which is owned by the plaintiff. Mrs. Blackmer also recalled using the roadway to visit her in-laws in the 1930's and other testimony of record indicates long-term use of the roadway by landowners in the area. From this testimony, the trial court could have appropriately inferred that the lot currently owned by Blackmer was part of a larger parcel of land owned by Blackmer's aunt and grandparents. Since the record clearly indicates use of the way to gain access to this larger parcel, the trial court could have concluded the way was used not only by Blackmer but also by his aunt and grandparents, Blackmer's predecessors-in-title.

 In light of this evidence, we do not find clearly erroneous the Superior Court's implicit finding that the requisite period of prescriptive use was satisfied by the plaintiff and *his* predecessors-in-title. Thus, we cannot conclude that the trial judge misconstrued the applicable law in finding the required period of prescriptive use through tacking.

**B.** *Claim of Right Adverse to the Owner*

 An essential element to the creation of a prescriptive easement is that the

**2.** The trial court findings, delivered orally, state in part:

> [Defense Counsel]: [A]re you saying you are granting this adverse use by the use by the plaintiff?
> [The Court]: No, I am saying the use of the easement—I am satisfied that the use of the easement, not only by the plaintiff, but by the public in general and by others, which is factually supported in the record, sets up the easement running to the plaintiff. The reasons I am not granting an easement to the public per se is because the public per se is not represented in the proceedings, and I am making no finding as to that. . . .
> [Defense Counsel]: Do I understand the court is also saying that minors, a child of five years old, fourteen years old, can acquire an adverse use, is that what you are saying?
> [The Court]: No, I am saying the testimony of the plaintiff—I am taking into include the

testimony as what occurred when he was five years old, that was taken into consideration, and also when that testimony was taken in conjunction with the testimony of other witnesses who were there at the time, lived in the area and supported the plaintiff's testimony, that establishes a factual basis for the adverse possession. I would say that if the only testimony in the record was what the plaintiff recalled when he was five years old and when he was seven years old, the decision of the court would have gone the other way. That was just a small portion of the testimony.
> There was also testimony from the mother of the plaintiff who indicated that the use of the road went back, as I recall the testimony, back to 1929. Mr. Adams made a similar statement in terms of the use of the property, well beyond the twenty-year period, as far as the court is concerned.

use by the party asserting the prescriptive right must be under a claim of right adverse to the owner, with the owner's knowledge and acquiescence. *Pace v. Carter*, Me., 390 A.2d 505, 507 (1978); *Jacobs v. Boomer*, Me., 267 A.2d 376, 378 (1970). "[W]here there has been unmolested, open and continuous use of a way for twenty years or more, with the knowledge and acquiescence of the owner of the servient estate, the use will be *presumed* to have been adverse and under a claim of right...." (Emphasis added.) *Jacobs v. Boomer*, Me., 267 A.2d 376, 378 (1978) *quoting Burnham v. Burnham*, 130 Me. 409, 156 A. 823 (1931). Acquiescence has been defined "as passive assent or submission to the use, as distinguished from the granting of a license or permission given with the intention that the licensee's use may continue only as long as the owner continues to consent to it." *Pace v. Carter*, 390 A.2d at 507; *see Jacobs v. Boomer*, 267 A.2d at 378; *Dartnell v. Bidwell*, 115 Me. 227, 230, 98 A. 743, 745 (1916).

On appeal, the defendant asserts that Blackmer's use of the way does not satisfy the requirements noted above. At trial, the plaintiff stated that he viewed the road as a town road; this characterization, urges the defendant, indicates that use was not under a claim of right. Another witness stated that the Riegals, prior owners of the defendant's land, had told that witness that it was all right to use the road. Also, a deed was entered into evidence indicating that the Village Corporation had acquired a two-year easement over the road between 1956 and 1958. According to the defendant, this evidence establishes that the use of the way was permissive and not adverse to Williams or his predecessors-in-title, and that, therefore, the trial court's finding to the contrary was clearly erroneous.

■ However, the grant of an easement to Lucerne-in-Maine and the statement by the Riegals do not necessarily preclude a finding of adverse use. Permissive use by one individual does not in and of itself prevent any *other* user from establishing an independent or individual claim of right. *See Thompson v. Bowes*, 115 Me. 6, 9, 97 A. 1, 2 (1916). The statement by the Riegals need not be construed in the context of all the evidence as a grant of permission; rather it can be viewed as recognition that others possessed an easement across their land. *See Pace v. Carter*, 390 A.2d at 507. The Village Corporation's easement by grant was for a two-year period commencing in 1956. The statement by the Riegals occurred in the mid 1950's. Thus, a twenty-year period of prescriptive use could have been established either prior or subsequent to either the statement attributed to the Riegals or the period of the Village Corporation's easement.

■ With respect to the reference to the way as a town road, we do not find this characterization by a layman as dispositive on the question of permissive use. This is so because of the existence of other testimony intimating an independent right to use the way and the lack of any testimony indicating that the plaintiff's right of use depended solely upon his belief that the town had a right of way. Moreover, a claim of right through the town is not necessarily a claim in subordination to the rights of the servient estate. *See Rollins v. Blackden*, 112 Me. 459, 465, 92 A. 521, 525 (1914).

■ In light of this evidence and other evidence produced at trial, we cannot view as clearly erroneous the Superior Court's findings regarding the nature of the plaintiff's use of the way. Even though the evidence could support an alternative factual finding, that alone does not compel reversal of the findings below when they are supported by competent evidence. *Harmon v. Emerson*, Me., 425 A.2d 978, 982 (1981); *see Madore v. Bangor Roof & Sheet Metal Co.*, Me., 428 A.2d 1184, 1187 (1981). Accordingly, we affirm the Superior Court's judgment that the plaintiff has acquired a prescriptive easement across the land of the defendant.[3]

**3.** On cross-appeal, the plaintiff challenges the Superior Court's ruling that only a body politic has standing to have recognized and declared the acquisition of a prescriptive easement by

## II. *The Assault*

The plaintiff contends that the trial court erred in denying relief on his claim for assault and battery. Conflicting versions of the events in question were provided by the testimony of the parties at trial. We must defer to the trial court's superior capability of determining the credibility of witnesses and of resolving conflicts in testimony. *See Qualey v. Fulton*, Me., 422 A.2d 773, 775–776 (1981). The record contains competent evidence supporting the trial court's disposition of this matter and we therefore uphold its findings on appeal.

The entry is:

Judgment affirmed.

All concurring.

the public. At oral argument, the plaintiff stated he would abandon his cross-appeal on this issue if the Law Court affirmed the judgment of the Superior Court holding that the plaintiff had acquired an easement. In light of our disposition of the issue of plaintiff's independently acquired prescriptive easement on appeal and of counsel's concession, we need not address and we express no opinion on the question of whether the public, apart from some legally organized political entity, can lay claim to an easement by prescription.

For case law on the question of whether the general public can acquire an easement through prescriptive use, *see State ex rel. Ha-man v. Fox*, 100 Idaho 140, 594 P.2d 1093 (1979); *Elmer v. Rodgers*, 106 N.H. 512, 214 A.2d 750 (1965); *see also Gion v. City of Santa Cruz*, 2 Cal.3d 29, 84 Cal.Rptr. 162, 465 P.2d 50 (1970).