**Helen E. JOST**

v.

**Robert A. RESTA, et al.**

Supreme Judicial Court of Maine.

Argued Jan. 4, 1988.

Decided Feb. 2, 1988.

Edwin R. Schneider (orally), Blue Hill, for plaintiff.

James E. Patterson (orally), Ellsworth, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

Defendants Robert and Elizabeth Resta have appealed the judgment entered by the Superior Court (Hancock County) declaring a prescriptive easement for a way across their land, appurtenant to land owned by their neighbor, plaintiff Helen Jost. Jost has cross-appealed the court's rejection of her claim of an easement by necessity across the Restas' land. We find no reversible error in the Superior Court's judgment.

Jost owns two parcels of land in South Deer Isle. The first parcel, which has long been in her family, borders the easterly side of Route 15, which runs north and south at that point. Abutting that parcel to the north is the land owned by the Restas. Both the Jost and the Resta parcels run from Route 15 easterly toward Holt's Point, an 8.5-acre peninsula jutting out into South Deer Isle's Inner Harbor.

Jost also owns Holt's Point, acquired by her parents in 1959, but a 100-foot-wide panhandle strip of the Restas' property cuts south to the water to divide Jost's two parcels. The disputed easement is a way running across the Restas' panhandle and connecting Jost's first lot bordering Route 15 with her second lot on Holt's Point.

After the Restas on August 29, 1984, served her with notice to prevent her acquisition of a prescriptive easement, Jost sought a declaratory judgment in Superior Court recognizing her right to an easement across the panhandle to her Holt's Point lot. She claimed the easement by prescription and by necessity, and asserted that the easement by necessity included a right to extend utility lines out to the Point. The court recognized only the easement by prescription.

The requisites for establishing a prescriptive easement are

continuous use for at least twenty years under a claim of right adverse to the owner, with his knowledge and acquiescence, or by a use so open, notorious, visible and uninterrupted that knowledge and acquiescence will be presumed. Each of the elements is essential and each is open to contradiction. The existence of all the elements for the requisite period creates a right conclusive against attack.

*Dartnell v. Bidwell,* 115 Me. 227, 230, 98 A. 743, 744 (1916). *See also Blackmer v. Williams,* 437 A.2d 858, 860 (Me.1981). A court will presume adverse use under a claim of right "where there has been unmolested, open and continuous use of a way for twenty years or more, with the knowledge and acquiescence of the owner of the servient estate...." *Id.* at 862 (quoting *Jacobs v. Boomer,* 267 A.2d 376, 378 (Me. 1970)). Acquiescence by the owner of the servient estate is "passive assent or submission to the use, as distinguished from the granting of a license or permission...." *Pace v. Carter,* 390 A.2d 505, 507 (Me.1978).

The Superior Court found that Jost and

her predecessors in title [1] had established a prescriptive easement across the panhandle of the Restas' property and appurtenant to Jost's Holt's Point lot. The court ruled that the easement is ten feet wide and "for passage by foot and vehicles, including motor vehicle, for all purposes of a private way." [2] Since the nature and extent of the claimant's use of the way is a question of fact, we review the trial court's findings on these points for clear error, asking only whether there is any competent evidence in the record to support them. *See Blackmer v. Williams,* 437 A.2d at 861–62.

The Restas do not dispute that use of the claimed way was regular and frequent starting in October 1965, when Jost's parents began building a cottage on Holt's Point, to August 29, 1984, when the Restas served Jost with notice to prevent acquisition of an easement. Further, the Superior Court could reasonably have concluded that the owners of Holt's Point used the way in an open and continuous manner for many years before October 1965.

According to testimony at trial, Jost's parents during 1963 and 1964 drove their truck across the way to cut and clear timber on Holt's Point and to extend the road to where they intended to build a cottage. They also drove a tractor across the way to pull stumps on the Point. That work took place gradually during 1963 and 1964. Between 1959, when Jost's parents bought the Point lot, and 1963, they also drove their truck across the way to clear blowdowns on the Point. Jost testified that during this time her parents "were clearing here and there and everything, whatever was down there, there was a lot of work to be done." In addition, witnesses testified that the next previous owner of Holt's Point during his 25 years of ownership often drove his truck across the way to cut firewood and use his clam shack on the Point. The way was well marked with wheel ruts as early as 1939, when another witness had driven an automobile across it. Finding competent evidence to support the court's conclusion, we affirm its declaration of a prescriptive easement.[3]

■ Jost has taken a cross-appeal from the Superior Court's denial of her claim of an easement by necessity, which she contends includes a right to extend utilities to Holt's Point across the Restas' panhandle. The easement by necessity, if it exists at all, arose in 1852 when the Holt's Point lot was severed from the servient estate (now owned by the Restas). *See LeMay v. Anderson,* 397 A.2d 984, 988 & n. 3 (Me. 1979). Jost, however, has made no showing that an easement was "strictly necessary" at that time. *See O'Connell v. Larkin,* 532 A.2d 1039, 1042 n. 5 (Me.1987). Therefore, she takes nothing on her cross-appeal.

The entry is:

Judgment affirmed.

All concurring.

---

1. The required 20-year prescriptive period may result from the "tacking" of successive periods of use when privity of title to the dominant estate exists between the users. *See Blackmer v. Williams,* 437 A.2d 858, 860 (Me.1981).

2. The parties properly recognize that the prescriptive easement, as defined by prior use, is only for ingress and egress to and from Holt's Point. It does not include a right to extend utilities out to the Point across the Restas' panhandle.

3. We refuse the Restas' request that we declare now that the prescriptive easement is limited to enjoyment "by one single-family, seasonal dwelling." Since the scope of a prescriptive easement is limited by the burden imposed during the prescriptive period, *Benner v. Sherman,* 371 A.2d 420, 422 (Me.1977), and since the Restas presented the trial court with no evidence that Jost is overburdening the easement or is proposing imminently to do so, we have no occasion to determine its exact scope.