**Gail McGRAY**

v.

**Edward LAMONTAGNE** [1].

Supreme Judicial Court of Maine.

Argued Jan. 4, 1993.

Decided April 6, 1993.

Anthony K. Ferguson (orally), Fales & Fales, P.A., Lewiston, for plaintiff.

Paul F. Macri (orally), Berman & Simmons, P.A., Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

COLLINS, Justice.

Gail McGray appeals from a declaratory judgment issued by the Superior Court (Androscoggin County, *Alexander, J.*) finding

---

1. The City of Auburn was also named as a defendant but is not a party to this appeal.

that a road bordering her property had never been a town or public way and finding that Edward Lamontagne had an easement by prescription in the road, and enjoining McGray from further interfering with Lamontagne's use of the road. We affirm the judgment.

McGray owns property in Auburn bordered on one side by the Foster Road and on another by the so-called Range Road. Lamontagne owns an undeveloped lot bordered by the Range Road but not the Foster Road.

The controversy between McGray and Lamontagne erupted when Lamontagne began to do some maintenance work to the Range Road beginning in 1983. McGray, believing that Lamontagne had no right to use the road, barricaded the entrance to the road, several times. On the complaint of McGray, Lamontagne was charged with criminal trespass, a charge that was later dismissed. McGray filed this civil complaint against Lamontagne and later added the City of Auburn as a defendant. The City had no records that it had ever maintained the road or that it was ever an established road. In 1986, the City formally abandoned the Range Road.

Lamontagne, in his counterclaim, contended that there was a public easement in the Range Road, or, in the alternative, that he had a prescriptive easement in the road. Lamontagne, who was 73 years old at the time of trial, testified that he had been using the Range Road since he was "16 or younger" when the lot was owned by his grandfather. Lamontagne testified that he and his family used the lot for cutting wood and for hunting and recreation purposes several times a year "most every year." After a non-jury trial, the Superior Court concluded that:

The so-called Range Road was never a town or public way. There is no evidence that the City of Auburn held any interest in the road.... Because the City never had any interest in the Range Road, its action to abandon the road in

1986 had no [effect]. Accordingly, the court does not reach the issue of whether there is a public easement retained after the City's action to discontinue the road.

The court also found that:

[The use by Lamontagne and his family before him] was sufficiently open, notorious, and visible to establish an easement by prescription in the Range Road right of way even though the use was not on a daily or even weekly basis.

After declaring Lamontagne's right to use the road, the court also enjoined McGray from further interfering in Lamontagne's use, possession, maintenance, or passage of the road.

 We have held that the requisites for establishing a prescriptive easement are:

continuous use for at least twenty years under a claim of right adverse to the owner, with his knowledge and acquiescence, or by a use so open, notorious, visible, and uninterrupted that knowledge and acquiescence will be presumed. Each of the elements is essential and each is open to contradiction.

*Jost v. Resta*, 536 A.2d 1113, 1114 (Me. 1988). McGray argues Lamontagne failed to establish that his use of the road was adverse because his own pleadings established that the Range Road was a public way, and therefore his use could not have been adverse. We disagree.

In Count I of Lamontagne's counterclaim, he asserted that the Range Road "was abandoned by the City of Auburn in 1986, pursuant to the provisions of 23 M.R.S.A. Section 3028" and that the public retained an easement over the road. In Count II Lamontagne argued, in the alternative, that he had a prescriptive easement in the road. Asserting that the City had gone through the statutory abandonment procedure for the road is not, however, the same as admitting that the road was actually a public way.[2] Moreover, according to M.R.Civ.P. 8(e)(2):

---

2. McGray also asserts that the court was barred from holding that the City never had any interest in the Range Road by an offer of judgment submitted by the City, but never accepted and entered, that stated "[the] Range Road was dis-

A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses.... A party may also state as many separate claims or defenses as the party has regardless of consistency....

*Id.* Lamontagne was not barred from rejecting his own public easement argument in favor of the prescriptive easement approach after considering the evidence presented at the trial.

 McGray also argues that the court erred in defining the scope of Lamontagne's easement. The court held that Lamontagne had the right to reasonably maintain the road including cutting trees, digging trenches and "other acts necessary to maintain the Range Road as a travelled way, as long as all such maintenance is within the defined right of way." McGray argues that Lamontagne's easement, if any, should be limited to the roadbed or travelled portion of that right of way which is about ten feet wide. Both McGray and Lamontagne's experts agreed at trial, however, that the right of way of the Range Road is three rods wide, i.e., 49 and a half feet wide. We find no error in the trial court's finding Lamontagne's easement extended to the entire width of the right of way agreed to by the experts at the trial.

The entry is:

Judgment affirmed.

All concurring.

continued through abandonment." This argument is also without merit for the same reason.