STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
YORK, ss.                                         DOCKET NO. CV-03-272

DONALD GAUVREAU,

        Plaintiff

                                            JUDGMENT AND DECISION
    v.                                      (TITLE TO LAND AFFECTED)


                                            DONALD L. GARBRECHT
PATRICK G. GAUVREAU and                          LAW LIBRARY
KATHLEEN R. GAUVREAU,
                                              OCT 16 2006
        Defendants

PARTIES - The plaintiff Donald Gauvreau, formerly of Shapleigh, Maine, and now

residing in Florida, was represented by attorney Edward J. Titcomb of Sanford, Maine.

The defendants Patrick G. Gauvreau and Kathleen R. Gauvreau of Shapleigh, Maine,

were represented by attorney Jens-Peter W. Bergen of Kennebunk, Maine.

        The subsequent purchasers of Lot 55 in the Mousam Grove Extension, which was

owned by Donald Gauvreau at the start of this suit, are Michael Boyle and Cynthia

Boyle of Reading, Massachusetts, who were represented by attorney Joseph V.

Lenkowski of Sanford, Maine.

DOCKET NUMBER - The docket number is CV-03-272.

NOTICE - All parties have received notice of the proceedings in accordance with the

applicable provisions of the Maine Rules of Civil Procedure.

THE REAL ESTATE - The plaintiff Donald Gauvreau was the owner of Lots 53, 54

and 55 on 31st Street on or near Lower Mousam Lake in Shapleigh, Maine. See the plan,

"Mousam Grove Extension Shapleigh, Maine owned by Chester D. Swan" dated July

1938 and filed at the York County Registry of Deeds in Plan Book 12, Page 105 and the Plan Showing a Boundary Survey for Patrick and Kathleen Gauvreau dated October 22, 2001 by Corner Post Land Surveying, Inc. of Springvale, Maine filed at Plan Book 282, Page 34. Also see a deed from Willard V. Boardman to Donald Gauvreau of July 2, 1964 at Book 1673, Page 299 conveying Lot 53 and a deed from Wilfred A. Hartford and Leona B. Hartford to Donald Gauvreau of August 15, 1967 at Book 1780, Page 211 conveying Lots 54 and 55.

Lot 55 was conveyed by Donald Gauvreau to Michael Boyle and Cynthia Boyle by deed recorded at Book 14138, Page 509. The Boyles were made parties to this action and participated through counsel.

Lots 53 and 54 were conveyed to Karen Joy and Sandra Joy by deed recorded at Book 14158, Page 122. They were not made parties and did not participate at trial. The Joys were listed by counsel as residing in Revere, Massachusetts.

The defendants Patrick G. Gauvreau and Kathleen R. Gauvreau own or share ownership in Lots 50, 51 and 52 which are on the inland side of 31st Street. Lots 50 and 51 were conveyed to them by Robert Waldron in a deed of September 13, 1997 recorded at Book 8434, Page 54. Lot 52 is owned by Patrick Gauvreau and his mother Clara Gauvreau pursuant to a deed from Clara Gauvreau of May 15, 1990 recorded at Book 5398, Page 88.

All of the lots are part of the Mousam Grove Extension which is shown in the July 1938 plan. As such they all have rights in "all the streets and ways shown on said plan", Book 8434, Page 54, which has also been described as "Together with and subject to all existing rights of way in common with the owners of the other lots shown on said Plan and subject to the right of all said lot owners to make any customary use of said roads and ways." Book 5398, Page 88. A third description, found at Book 1673, Page

2

299, is "together with the right to utilize the streets and ways shown on said plan being enjoyed in common with the owners of the other lots thereon."

The July 1938 plan shows four rights of way to the lake. The one that matters in this case is located between Lots 54 and 55 and is about 18 feet in width going from 31st Street to the lake.

## THE PLEADINGS

The complaint was initially brought in November of 2003 by Donald Gauvreau against his brother Patrick Gauvreau and his sister-in-law. It contained five counts including declaratory judgment, quiet title, real action, trespass and injunctive relief claims respectively. After Donald Gauvreau sold his lots he dismissed his complaint in its entirety.

A five counts counterclaim was filed by Patrick Gauvreau and Kathleen Gauvreau against Donald Gauvreau. It included claims for a declaratory judgment, real action, interference with easement, injunctive relief and damages. After Donald Gauvreau sold his lots the counterclaim took three directions. That part that sought declaratory or prospective relief regarding Lot 55 was transformed into a claim against the new owners Michael Boyle and Cynthia Boyle. That part that sought damages against Donald Gauvreau for actions taken by him before he sold the lots remained as a claim against him. That part that sought declaratory or prospective relief against the new owners of Lot 54, Sandra and Karen Joy, will be treated as being voluntarily dismissed without prejudice.

## THE DISPUTE

All parties agree that there is a right of way from 31st Street to Lower Mousam Lake between Lots 54 and 55 and that Patrick Gauvreau and Kathleen Gauvreau have the right to use that easement to get to and from the lake. The parties agree that the

3

Corner Post survey of October 22, 2001 accurately locates and describes the deeded easement.

The Gauvreau family has owned land on 31st Street for over 50 years and have had a dock on Lot 55 right at the corner of that lot and the north-west lakeside corner of the easement. The dock was installed before Donald Gauvreau acquired title to Lot 55 with the permission of a former owner and has essentially remained in the same location since sometime in the early sixties.

Because of the nature of the lake bottom, the nature of the shore, the topography of the land and the existence of tree growth over the years, the actual use of the land shifted beyond the strict boundaries of the deeded right of way such that the westerly portion of Lot 54, which abuts the right of way, was used as an easier means of getting to the lake, the northerly portion of the right of way near the lake was utilized and a small triangle of land, from Lot 55, with a base of about 5.5 feet on the lake, was used for the placement of the dock.

The essential issues in the case were three. The first is whether Patrick and Kathleen Gauvreau have acquired a prescriptive easement over a small portion of Lot 55 which would allow them to keep their dock in the historic location used by Gauvreaus since the early sixties. The second is whether Donald Gauvreau has interfered with Patrick and Kathleen Gauvreau's use of either the deeded easement or any expanded prescriptive easements. The last, which will not be decided because the new owners Sandra and Karen Joy were never served, is whether Patrick and Kathleen Gauvreau have acquired prescriptive easement rights to a portion of Lot 54.

The dispute before me centers on the dock, whether a prescriptive easement has been acquired and whether rights, deeded or prescriptive, have been interfered with. The two brothers have unfortunately had an, at best, very strained relationship for

4

decades. This issue of the use of 5 feet of frontage and a seasonal dock is a manifestation of a larger problem beyond my ability to resolve.

All witnesses agree that the dock was installed in the early sixties with the permission of a prior owner and that it initially was used by the Gauvreau family and even some other individuals. The parties also agree that Donald never granted Patrick the right to use the dock and more importantly the small portion of Lot 55.

While there is a dispute about the remaining parts of the history of the dock, I found Donald Gauvreau's testimony to be more persuasive. I find that Donald Gauvreau permitted the seasonal installation and removal of the dock, its placement on part of his land and its use through 1981 when their father died because the dock was viewed as belonging to their parents. From 1981 to 1990 when Patrick Gauvreau acquired an interest in Lot 52 from and with his mother Clara, Donald Gauvreau permitted the same uses because it was his mother's dock even though she at most rarely used it. However by 1990 his relationship with his brother worsened, the dock was treated as Patrick's and it and his presence were not welcome or even tolerated.

The party claiming a prescriptive easement must establish by a preponderance of the evidence, "continuous use for at least twenty years under a claim of right adverse to the owner, with his knowledge and acquiescence, or by a use so open, notorious, visible and uninterrupted that knowledge and acquiescence will be presumed." See *Dartnell v. Bidwell*, 115 Me 227, 230, 98 A. 743, 744 (1916), *Jost v. Resta*, 536 A.2d 1113, 1114 (Me. 1988) and *Stickney v. City of Saco*, 2001 ME 69, ¶16, 770 A.2d 592, 601.

While there is a dispute as to whether acquiescence existed for the last 20 years, the use has not been adverse for 20 years. Donald Gauvreau through 1990 permitted the presence of and use of the dock. At most about 13 of the required 20 years have been proven under all of the requirements.

5

The next question is whether Donald Gauvreau has interfered with the use of the easement by his brother. As the deeded easement has not been expanded through the creation of a prescriptive easement, the focus is solely in the deeded area. I do not find that Donald Gauvreau has interfered with the use of the actual easement.

The entries are:

It is declared that a prescriptive easement near Lower Mousam Lake at the edge of Lot 55 of the plan of Mousam Grove Extension has not been established.

Judgment for Donald Gauvreau, Michael Boyle and Cynthia Boyle on the counterclaim.

Michael and Cynthia Boyle shall be responsible for recording the attested copy of the judgment and for paying the appropriate recording fees.

Any portion of the counterclaim related to Sandra Joy and Karen Joy regarding Lot 54 is dismissed without prejudice.

Dated:      October 6, 2006

Paul A. Fritzsche
Justice, Superior Court

The appeal period has expired without action or final judgment has entered after remand following appeal.

Dated:_____                    _____
                                                                      Clerk

PLAINTIFF:
Edward J. Titcomb, Esq.
TITCOMB MARASS FLAHERTY KNIGHT
PO BOX 311
SANFORD ME   04073-311

DEFENDANT:
Jens-Peter W. Bergen, Esq.
LAW OFFICE OF JENS-PETER W. BERGEN
79 PORTLAND ROAD
KENNEBUNK ME   04043

PARTIES-IN-INTEREST
Joseph Lenkowski, Esq.
SCACCIA LENKOWSKI & ARANSON
PO BOX 929
SANFORD ME   04073