MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2014 ME 21
Docket:        Yor-13-82
Submitted
 On Briefs:    September 26, 2013
Decided:       February 11, 2014

Panel:         SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.


STEPHEN W. RIFFLE et al.

v.

S. DAVID SMITH et al.

PER CURIAM

[¶1]  S. David Smith and E. Anne Hayes appeal from a judgment of the Superior Court (York County, *O'Neil, J.*) awarding Stephen W. and Jane F. Riffle a prescriptive easement over a small triangular section of Smith and Hayes's property for purposes of parking on it and accessing other parts of the Riffles' parking area.  Among other arguments, Smith and Hayes contend that we should adopt a "friendly-neighbor" exception to the presumption of adversity that arises when property is used continuously for at least twenty years "with the owner's knowledge and acquiescence, or with a use so open, notorious, visible, and uninterrupted that knowledge and acquiescence will be presumed." *Androkites v. White*, 2010 ME 133, ¶ 14, 10 A.3d 677.  Because the court did not find facts that demonstrate a friendly-neighbor relationship between the parties' predecessors in

title, we do not reach Smith and Hayes's proposal that we expand the law to create a friendly-neighbor exception, and we affirm the judgment.

## I. BACKGROUND

[¶2] Over the course of several decades, the Riffles and their predecessors in title used a small triangular section of their neighbor's property, now owned by Smith and Hayes, to park their cars and to access the parking area adjacent to their garage. The court found it likely that the Riffles asserted ownership of the disputed area of land until a 1997 survey confirmed that Smith and Hayes's predecessor in title owned it. After the Riffles learned of the fee ownership, they briefly, but unsuccessfully, made efforts to purchase the triangle of land.

[¶3] The parties do not dispute that, in the summer of 2011, after having unpleasant conversations with the Riffles about the disputed land, Smith and Hayes obstructed the Riffles' parking by erecting a small fence designed to obstruct automobile access only on this triangular area. The Riffles then commenced the present action alleging that they had either adversely possessed the triangle of land or obtained a prescriptive easement over it.

[¶4] The court held a nonjury trial at which fee ownership of the land in question was not disputed and the Riffles chose not to pursue their claim of adverse possession, proceeding instead only on a claim of prescriptive easement. The court entered a judgment for the Riffles on the prescriptive easement claim

after finding that, before 1994, they had established all elements necessary to the cause of action: "(1) continuous use for at least twenty years; (2) under a claim of right adverse to the owner; (3) with the owner's knowledge and acquiescence, or with a use so open, notorious, visible, and uninterrupted that knowledge and acquiescence will be presumed." *Androkites*, 2010 ME 133, ¶ 14, 10 A.3d 677; *see also* 14 M.R.S. § 812 (2013) (establishing the twenty-year prescriptive period for continuous use). Specifically, the court found that the Riffles had continuously used the land in an open and notorious way for more than twenty years beginning in the early 1950s such that the acquiescence of the real owner could be inferred. The court determined that Smith and Hayes failed to rebut the presumption of adversity that arose from these findings. *See Androkites*, 2010 ME 133, ¶ 17, 10 A.3d 677. Smith and Hayes appealed to us. *See* 14 M.R.S. § 1851 (2013).

## II. DISCUSSION

[¶5] Smith and Hayes challenge many of the factual findings of the court. Because there is record support for the findings, we do not address these challenges further.[1] *See Eaton v. Town of Wells*, 2000 ME 176, ¶ 33, 760 A.2d 232. We write to address Smith and Hayes's argument urging us to explicitly

---

[1] Smith and Hayes have raised several other challenges to the court's judgment, including a challenge to the Riffles' ownership of their own lot. We conclude without further discussion that those contentions are unpersuasive.

4

adopt a friendly-neighbor exception to the presumption of adversity that may arise when the other elements of a prescriptive easement have been established.

[¶6]  "[W]hen the first and third elements of a private prescriptive easement are established, . . . a presumption arises that the use of the property was under a claim of right adverse to the owner . . . ." *Androkites*, 2010 ME 133, ¶ 17, 10 A.3d 677.  "[I]f there is an explanation of the use that contradicts the rationale of the presumption," however, the presumption will not arise.  *Id.*  We have held, for example, that when the competing estates were owned within the same family during the prescriptive period, the presumption of adversity does not arise and shifting the burden of proof is inappropriate.  *Id.* ¶ 18.[2]

[¶7]  Here, the court found that the first and third elements of a prescriptive easement were established.  We affirm those findings because they are supported by competent evidence in the record.  *See id.* ¶¶ 14, 17; *Eaton*, 2000 ME 176, ¶¶ 33, 40, 760 A.2d 232; *see also* 14 M.R.S. § 812; *Blackmer v. Williams*, 437 A.2d 858, 860-61 (Me. 1981).

[¶8]  The court then applied the presumption of adversity, requiring Smith and Hayes to disprove that element.  Smith and Hayes argue that the presumption of adversity did not arise because a friendly-neighbor relationship existed that

---

[2]  We have also held that there is no presumption of adversity in claims asserting a public prescriptive easement for recreational uses.  *See Lyons v. Baptist Sch. of Christian Training*, 2002 ME 137, ¶ 18, 804 A.2d 364.  Rather, public recreational uses of land are presumed to be permissive.  *Almeder v. Town of Kennebunkport*, 2014 ME 12, ¶ 23, --- A.3d ---; *Lyons*, 2002 ME 137, ¶¶ 19, 24, 804 A.2d 364.

should have been treated in the same manner as a familial relationship, thus leaving the burden of proving adversity with the Riffles. *See Androkites*, 2010 ME 133, ¶ 18, 10 A.3d 677.

[¶9]  The court did not, however, find that a friendly-neighbor relationship existed during the relevant timeframe.[3]  In the absence of that factual finding, we cannot reach Smith and Hayes's legal argument as to the effect of such a finding on the applicability of the presumption.

The entry is:

Judgment affirmed.

---

**On the briefs:**

S. David Smith and E. Anne Hayes, pro se appellants

Alan E. Shepard, Esq., Shepard & Read, Kennebunk, for appellees Stephen W. Riffle and Jane F. Riffle

York County Superior Court docket number RE-2011-222
FOR CLERK REFERENCE ONLY

---

[3]  Smith and Hayes did not request further findings of fact, and the court was not compelled, on this record, to find that a friendly-neighbor relationship existed. *See* M.R. Civ. P. 52; *see also Dionne v. LeClerc*, 2006 ME 34, ¶ 15, 896 A.2d 923 (stating that a fact-finder, in weighing credibility, may disbelieve evidence, whether or not disputed).